Opinion by
Flood, J.,
The defendant was found guilty on two indictments charging fraudulent conversion. If the testimony of her accuser is believed, there is ample evidence to sustain the conviction. He testified that he entrusted her with $10,000 for safekeeping and she refused to return this money on his demand. Her defence was that he never delivered this sum to her, but gave her only a much smaller sum which she repaid except for $200 which represented a claim for rent and board due her.
She was also found guilty on two additional counts in each of the two indictments, charging larceny by trick and embezzlement by agent. Even though the evidence may not have been sufficient to sustain a conviction on these counts, this is academic, since the sentence from which she appeals is supported by the count for fraudulent conversion, of which she was found guilty. Commonwealth v. Neuman, 151 Pa. Superior Ct. 642, 30 A. 2d 698 (1943).
The defendant was convicted at a jury trial in which she was represented by competent counsel, who did not, however, argue this appeal. She now alleges certain trial errors. No objection or exception was taken at the trial to any of the trial judge’s rulings which are now assigned as error. Under such circumstances, they furnish no ground for reversal unless there was such *275 violation of the defendant’s constitutional or fundamental rights as to deprive her of a fair trial or at least create grave doubt as to the fairness of the trial. None of the matters complained of constitute such a violation.
1. The defendant claims she was prejudiced because the trial judge used the following language in his charge: “The burden is not on the defendant to prove the truthfulness of her testimony beyond any doubt whatsoever before you can acquit her. If you are fairly satisfied that her version of what occurred is correct, it is your duty to acquit her.” It is to be noted that there is nothing erroneous in this language. The appellant suggests, however, that these two sentences might raise in the jury’s mind the idea that the converse was also true, namely that (1) the defendant had the burden of proving her defence in some manner and (2) if the jury was not satisfied that her version was correct it should convict her. Neither of these suggestions can be rationally accepted in view of the balance of the charge. As to each count, the trial judge separately charged that the jury must be convinced beyond a reasonable doubt of the facts making out the offence before they could convict. He next cited the defendant’s position and made the statements of which she complains. He immediately followed this by correctly declaring and defining the presumption of innocence and stated, among other things, that there was no burden upon the defendant to prove her innocence. Next he fully and properly defined reasonable doubt. Still later he said: “Of course, if you believe the defendant’s version, she is obviously not guilty on any one of the three counts.”
The charge as to burden of proof carefully defined the presumption of innocence and the Commonwealth’s burden in accordance with the precept of the Supreme Court in such cases as Commonwealth v. Burns, 409 *276 Pa. 619, 187 A. 2d 552 (1963). Tlie charge contains no prejudicial error, nor does it, as the appellant argues, contravene the principle laid down in Commonwealth v. Bonomo, 396 Pa. 222, 151 A. 2d 441 (1959), by placing any burden of proof upon her. Certainly, in the absence of specific objection to the language complained of, accompanied by a request to clarify it, there is no basis for the grant of a new trial.
2. The credibility of the defendant’s brother, who testified in her behalf, was attacked by the testimony of Commonwealth witnesses to the effect that the defendant had stated that he was an alcoholic, drank to excess and did not support his child who lived with the defendant. She argues that this was hearsay, and that it could not be properly received to impeach his credibility, since it did not show conviction of crime, bad reputation for veracity or prior contradictory statements. Nevertheless, it did tend to cast doubt upon his substantive testimony that he saved up the $4,000 “a little bit each week” since 1955. It was, therefore, an admission by the defendant which was relevant upon the question of the credibility of this testimony. The trial judge charged that this evidence should be considered only on the question of the credibility of the testimony of the defendant and her brother relating to his ability to save and whether he actually did save and give her the money she says he gave her.
The defendant’s argument that an admission “must be in regard to oneself” is not supported by authority or reason. Her argument that an admission cannot be a matter of opinion concerning a matter long since past is unsound for several reasons. Whether the statement concerned past alcoholism was at most a jury question. At first blush the statement seems to refer to an existing fact and no request was made to have the trial judge call the jury’s attention to the possibility that it might have referred to a past condition. *277 American Steamship Co. v. Landreth, 102 Pa. 131 (1883) and Lombard v. Christian, 124 Pa. 114, 16 A. 628 (1889).
The declaration that her brother drank a lot and did not support his child is not opinion but fact', and the statement that he was an alcoholic is a declaration of mixed fact and opinion. An admission can consist of a matter largely opinion if there is a factual element involved. Salvitti v. Throppe, 343 Pa. 642, 23 A. 2d 445 (1942); Wigmore, Evidence, §1053(3) (3rd ed.).
4. The two misstatements of fact complained of were not called to the trial judge’s attention at the conclusion of his charge as they should have been so that he might have had an opportunity to correct them. Consequently, the misstatements are not now ground for a new trial. Commonwealth v. Fowner, 97 Pa. Superior Ct. 566 (1930). It is also to be noted that the trial judge at the beginning of his charge told the jurors that as to any matter of fact or evidence stated by him not in their collective recollection, they should accept their own collective recollection and not his.
5. The final contention is that the defendant was arrested upon a warrant issued upon the affidavit of a county detective who had only second-hand knowledge of the facts by virtue of the alleged victim’s statement to him and that this rendered inadmissible not only the evidence as to what happened when the warrant was served, but also the evidence found on the premises at the time of the arrest. The defendant cites no authority which would invalidate the warrant under these circumstances. To the contrary, see Commonwealth ex rel. Gaurich v. Keenan, 181 Pa. Superior Ct. 619, at p. 624, 124 A. 2d 144, at p. 624 (1956).
The defendant makes no argument as to how this evidence prejudiced her, other than to say that, even though these items of evidence might appear favorable *278 to her, “we do not know what significance the jurors attached to them”. This remote possibility of prejudice does not create any exception to the rule that such evidence, not objected to either before or at the trial, is not ground for a new trial. Commonwealth ex rel. Wilson v. Rundle, 412 Pa. 109, 194 A. 2d 143 (1963).
The able counsel for the appellant has pointed out no prejudicial error in this long record. The conviction must be sustained.
The judgment is affirmed and appellant is directed to appear in the court below at such time as she may there be called, and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeals were made a supersedeas.