Commonwealth *v.* Ghaul et al., Appellants.

Argued March 8, 1965. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, and Hoffman, JJ. (Flood, J., absent).

*Paul M. Chalfin,* with him *Louis Lipschitz,* and *Lipschitz & Chalfin,* for appellants.

*George W. Gekas,* Assistant District Attorney, with him *Martin H. Lock,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., March 18, 1965:

Charles Pierson Ghaul and Owen Leroy Gallagher were jointly indicted by the grand jury in the Court of Oyer and Terminer of Dauphin County on Bill No. 37 September Term, 1963, charging burglary. They were represented by counsel, entered pleas of not guilty, and were tried before a jury with Judge KREIDER presiding. At the conclusion of the Commonwealth's testimony, a motion for a directed verdict of acquittal was presented and refused. The defendants did not testify, and rested their case without offering any evidence. The motion for a directed verdict was then renewed and again refused. The jury returned a verdict of guilty as to both defendants. Motions for a new trial and in arrest of judgment were overruled, and sentences were imposed. This appeal followed[1]. The factual situation appears in the following excerpt from the opinion below:

"About 1:20 a.m. July 17, 1963 the police were summoned to the Heim Electric Company building at 19th and Greenwood Streets in Harrisburg. Their investigation disclosed the following: On a side street about a block away from the building a Pontiac 2-door sedan bearing a New Jersey license was parked with a key in the ignition and a set of keys in the opened trunk; this car was registered in the name of Jeanne Ghaul, wife of one of the Defendants; a red bag containing tools, including a cordless electric drill, was

---

[1]There were two judgments of sentence and there should have been two appeals. This procedural discrepancy is not material in view of our disposition of the case. It should perhaps be also noted that proper procedure at the conclusion of the Commonwealth's testimony would have been a demurrer to the evidence.

lying near the car and other tools were strewn in the area; fresh pry marks were on a door on the south side of the building and a partly opened door on the east side. Within the building empty boxes were strewn about in disarray with scattered stuffing straw; fresh pry marks were on a metal cabinet in the basement; an empty metal box lying on the floor with checks strewn nearby, together with a broken chisel near the cabinet; a brown money bag containing $196.28, including some Canadian money, was found in the back yard of a dwelling about one and one-half blocks away and two pairs of brown gloves were discovered on the ground near the burglarized building.

"The evidence also showed that as the officer who was alone in the police car approached the scene of the burglary three or four men were observed by him fleeing from the area within a block of the Heim building. Subsequently, at about 5:20 a.m. on the same day the two Defendants, Ghaul and Gallagher, were apprehended by the Swatara Township Police about 5.2 miles away from the building on a road leading to the East Harrisburg entrance to the Pennsylvania Turnpike. There was evidence that Ghaul admitted he was the owner of the red tool bag and a yellow screwdriver found therein; that this screwdriver was the instrument which made pry marks on the striker plate (lock plate) of a door of the Heim building and that Ghaul admitted the broken chisel found on the floor near the metal cabinet belonged to him. There also was evidence that grease on the trousers of Ghaul and grease on lids of cans at the Heim building were similar and that soil on Gallagher's shoes and soil in the vicinity of the building were similar".

Appellants first contend that, since they offered no evidence, it was fundamental error for the trial judge to charge the jury concerning the defense of alibi. There was no specific exception to the charge in this

regard. Officer Mihalik had testified as to statements made by Ghaul and Gallagher in explanation of their presence at the scene of apprehension. Ghaul's story was that he and Gallagher met two girls in Philadelphia, that the four traveled to Harrisburg in two cars, the men in Ghaul's car and the girls in a separate car, that the Ghaul car was parked in Harrisburg and the group of four proceeded to Pittsburgh in the girls' car, that the girls left the men in a bar whereupon the men hitchhiked a ride back to Harrisburg in a truck. Gallagher also said that he and Ghaul came by truck from Pittsburgh, but his story was that all four had traveled from New Jersey to Pittsburgh in the girls' car. The reference to alibi in the charge is set forth in the footnote[2].

Appellants rely on *Commonwealth v. McQueen*, 178 Pa. Superior Ct. 38, 112 A. 2d 820. In that case we expressly declined to hold that an unnecessary charge on alibi was reversible error. A new trial was granted because the particular language used by the trial judge was prejudicial, and was made the subject of a prompt and specific objection. We perceive no prejudice in the instant case. The language used by the trial judge was entirely fair to appellants, and placed no burden of proof upon them. Cf. *Commonwealth v. Murray*, 202 Pa. Superior Ct. 272, 195 A. 2d 183. Moreover,

---

[2]"Now, members of the jury, if you find that these two men, or either of them, was not in this Heim Electrical Company building, and was in no way connected with the entry made to that building, then, of course, the defendants, or either of them, would be entitled to a verdict of not guilty. It will be up to you to determine what weight, what credence, you place in the statements given by the defendants to the police officers.

"The sum and substance of their respective statements to the police officers may be said to raise the defense of alibi. An alibi is merely the defense that the accused was elsewhere at the time the crime was allegedly committed. So you will keep that testimony in mind and give it your consideration".

if the alleged error had been so flagrant as is now asserted, it was the duty of counsel to call the trial judge's attention to it: *Commonwealth v. Haas*, 198 Pa. Superior Ct. 227, 181 A. 2d 908.

Appellants next contend that the charge of the trial judge on the subject of reasonable doubt was "fundamentally erroneous". The language concerning which complaint is made is set forth in the footnote[3]. Again, there was no specific objection to the charge in this regard. A party may not sit silent and take his chances on the verdict, and then complain of a matter which could have been rectified had the attention of the trial judge been called to it. Cf. *Commonwealth v. Kopitsko*, 177 Pa. Superior Ct. 161, 110 A. 2d 745. Appellants argue that "use of the word 'restrain' required the jury to have a greater doubt than the law contemplates in order to bring in a not guilty verdict". A standard form of charge on reasonable doubt appears in *Commonwealth v. Donough*, 377 Pa. 46, 103 A. 2d 694. The word "restrain" is used therein. And see *Commonwealth v. Sauders*, 390 Pa. 379, 134 A. 2d 890. In the case at bar, the trial judge repeated the approved language verbatim. The cases cited in appellants' brief are not controlling: *Commonwealth v. Cyaus*, 88 Pa. Superior Ct. 227; *Commonwealth v. Koss*, 136 Pa. Superior Ct. 173, 7 A. 2d 20; *Commonwealth v. Tachoir*, 166 Pa. Superior Ct. 239, 70 A. 2d 474.

---

[3]"In this case, as in all contested criminal cases, there are certain presumptions of law that inure to the benefit of a defendant. The defendant comes before you, the jury, presumed to be innocent, and the burden is upon the Commonwealth to prove his guilt beyond a reasonable doubt. A reasonable doubt cannot be a doubt fancied or conjured up in the minds of the jury to escape an unpleasant verdict. It must be an honest doubt arising out of the evidence itself, the kind of a doubt that would restrain a reasonable man from acting in a matter of importance to himself".

It is further contended that the evidence against Gallagher was insufficient to sustain his conviction. No argument is made as to sufficiency of the evidence so far as Ghaul is concerned. A conviction may be sustained where the circumstances proved reasonably and naturally justify an inference of the guilt of the accused and are of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt: *Commonwealth v. Dalton,* 199 Pa. Superior Ct. 388, 185 A. 2d 653. In view of the jury's verdict, the Commonwealth must be given the benefit of all of the favorable trial testimony and every reasonable inference arising therefrom: *Commonwealth v. Senk,* 412 Pa. 184, 194 A. 2d 221. Having carefully reviewed the instant record in this light, we are convinced that it was sufficient in quality and quantity to sustain the conviction of both appellants.

The final contention advanced by appellants is stated as follows: "The testimony should be reopened to admit evidence that would have likely caused a verdict of not guilty". This contention is based on a statement by defense counsel concerning the broken chisel or file, which statement was placed on the record at the completion of the charge[4]. Appellants did not

---

[4]"Mr. Goldberg: And I must say for the record, as I pointed out prior to the Charge, that subsequent to the close of testimony and the arguments to the jury I discovered matters which were not available to me during the trial, which I believe can prove that the file in question, with the four parts, was not the property of the defendant but was the property of the Heim Company. I know that nothing can be done at this time concerning that, but I feel that I must make that statement to the Court because there was nothing we could do about proving it prior to my discovery last night. I had never seen it before the trial, it was not introduced at the preliminary hearing, the defendants had no knowledge of it that they related to me. It was only through happenstance that I was able to discover what I think I can prove at

then request that the record be opened for the purpose of taking additional testimony. In any event, a new trial will be awarded on the basis of after-discovered evidence only where the evidence (1) could not have been discovered prior to the trial by the exercise of reasonable diligence, (2) is not merely corroborative or cumulative, (3) is not used solely to impeach the credibility of a witness, and (4) is of such nature that a different verdict will likely result if a new trial is granted. The action of the trial court in such a matter will not be reversed unless it clearly appears that there was a manifest abuse of discretion: *Commonwealth v. Whalen (No. 2),* 189 Pa. Superior Ct. 359, 150 A. 2d 137. We perceive no abuse of discretion in the instant case. It is our view that the matter was properly disposed of in the opinion below from which we quote the following excerpt:

"The closing addresses to the jury were completed by counsel at 4:35 p.m. on Wednesday, April 8, 1964. The court then adjourned until the following morning at 10:30 o'clock when it delivered its Charge to the jury. Before the Charge began Mr. Goldberg, who was the trial counsel for the defendants, approached the Court at side bar and stated he believed he could prove that the file in question was not the property of the defendant Ghaul but was the property of the Heim Electric Company. Counsel's remarks were not recorded at that time but were placed on the record by him at the completion of the Charge.

"It should be noted that the defendants did not ask that the trial be reopened for the purpose of taking additional testimony. No affidavit or specific statement was presented to the Court setting forth the

some subsequent time. I know nothing can be done at this stage of this trial, but I felt I must make that statement for the record".

source or scope of the alleged newly-discovered evidence which counsel stated came to his attention the previous evening. We believe that if the file actually belonged to the Heim Company, defense counsel could have easily ascertained that fact by questioning the various officials and employees of the company when they were on the witness stand.

"Lieut. Watts and State Trooper Mihalik testified that Ghaul identified as his the broken file found in the Heim building. Both of these witnesses were thoroughly cross-examined. Even if the file was not his, Ghaul so identified it. Moreover, it could be inferred that even if the file belonged to the Heim Company, Ghaul nevertheless used it in burglarizing the building and that it was in that context that he told the police officers that the file was his. We think it would establish a dangerous precedent to grant a new trial on the ground of 'after-discovered evidence' under all the circumstances in this case".

The judgments are affirmed, and it is ordered that appellants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their respective sentences or any part thereof which had not been performed at the time the order of supersedeas was entered.

HOFFMAN, J., would reverse and grant a new trial.