## Commonwealth *v.* Oren, Appellant.

Argued December 15, 1966.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William C. Storb,* with him *Stein, Storb & Mann,* for appellant.

*Clarence C. Newcomer,* First Assistant District Attorney, with him *Wilson Bucher,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., March 23, 1967:

On March 8, 1966, Fred Y. Oren was indicted by the Grand Jury in Lancaster County on a charge of embezzlement by public officer as proscribed by Section 822 of The Penal Code, Act of June 24, 1939, P. L. 872, Section 822, 18 P.S. 4822. Oren entered a plea of not guilty and was accorded a jury trial with Honorable WILLIAM G. JOHNSTONE, JR., presiding. After the Commonwealth rested its case, a demurrer to the evidence was overruled. Oren then testified in his own defense, and adduced the testimony of several character witnesses. A motion for a directed verdict was denied. The jury returned a verdict of guilty with a recommendation of clemency. Motions in arrest of judgment and for a new trial were dismissed, and sentence was imposed. This appeal followed.

The record discloses that appellant was Chief Deputy in the office of the Prothonotary of the Court of Common Pleas of Lancaster County. On October 17, 1963, a complaint in equity in the nature of a fraudulent debtors attachment was filed by Nancy A. Mellinger against her husband, Albert H. Mellinger, naming three persons as garnishees. An attachment was issued against the defendant and the garnishees to se-

cure the payment of $8,500.00 alleged to be due the plaintiff under the terms of an agreement for support and maintenance. On October 23, 1963, in order to dissolve this attachment, John Milton Ranck, Esquire, deposited in the prothonotary's office the sum of $8,-500.00. This sum was in currency in the form of eight one-thousand dollar bills and one five-hundred dollar bill, and was delivered to the appellant personally. On September 14, 1964, the equity action was settled and Attorney Ranck received from appellant a check for $8,500.00 drawn on the prothonotary's special account, of which account appellant was in charge. A subsequent audit of the special account revealed that the $8,-500.00 had not been deposited therein.

Appellant admitted that he had received the $8,-500.00 from Attorney Ranck. He stated that he had placed the money on his desk and later discovered, either that evening or the next morning, that $3,500.00 was missing. Appellant denied that he had taken this money. His explanation of the reason for not depositing the $5,000.00 in the prothonotary's special account was as follows: "Because I wanted to deposit $8,500.00 not $5,000.00 . . . I agree I should have but I didn't". The loss was not reported to anyone until appellant was questioned about the special account some time in August 1965. He then produced five one-thousand dollar bills from an envelope in a drawer in a walk-in vault in the prothonotary's office. According to the prothonotary's testimony, this drawer was marked "Oren, Private". As pointed out by the court below, there were undoubtedly other people in the office after the money was received but there is no intimation in the record that anyone else had access to the money.

The statutory provision with which we are here concerned reads in pertinent part as follows: "Whoever, being an officer, employe or agent of this Commonwealth, or political subdivision thereof, charged

with the collection, safekeeping, transfer or disbursement of public money, converts to his own use, in any way whatsoever, or uses by way of investment, in any kind of property or merchandise, any portion of the public money intrusted to him for collection, safekeeping, transfer or disbursement, or proves a defaulter, or fails to pay over the same when thereunto legally required by the person authorized to demand and receive the same, or aids or abets or is an accessory to any such act, is guilty of embezzlement, a felony".

Appellant first contends that "the funds allegedly embezzled were not public money". It is argued that the money in question would at no time inure to the benefit of the public since the prothonotary was merely a stakeholder and was answerable only to the litigants involved. In support of this argument appellant cites *Commonwealth v. Glass,* 199 Pa. Superior Ct. 542, 185 A. 2d 811, but that case is not here controlling. Glass was prosecuted under Section 834 of the Code (18 P.S. 4834) for fraudulent conversion of money in a bank account which he had opened in his name as Sheriff of Montgomery County. All fees and commissions which were the property of the county had been properly accounted for and paid. The *Glass* case did not decide the meaning of the term "public money" as used in Section 822 of the Code here under consideration.

The court below placed reliance on *Commonwealth v. Hampton,* 96 Pa. Superior Ct. 63, in which this court considered Section 65 of The Penal Code of 1860, the source of Section 822 of the present Code. Hampton was charged with the embezzlement of fines payable to the Law Library of Chester County. In rejecting a contention that the money in question was not public money, Judge LINN made the following pertinent statement (italics supplied): "Nor can we sustain the complaint that the money in question was not public

money, because in the end it was to be paid to the Law Library. The fines were public money which came into the hands of the sheriff in virtue of his office and in the performance of his public duty, for the custody and disbursement of which he and his surety were liable and remain public money, until paid according to law; *the test is not the ultimate destination of the money, but the capacity in which it was received and held"*. We agree with the court below that the language quoted controls the instant appeal. Appellant received the $8,500.00 in his official capacity and in the performance of his public duty. It was therefore public money within the meaning of the statute.

Appellant next contends that "the evidence was not sufficient to sustain a conviction". The argument is made that the Commonwealth failed to prove that appellant converted the missing money to his own use. It should be noted that the offenses proscribed by Section 822 are set forth in the disjunctive. A violation is committed where the defendant converts to his own use, or uses by way of investment, or proves a defaulter, or fails to pay on demand. The instant record contains ample evidence to establish that appellant was a defaulter. Although there is no direct testimony that appellant converted the money to his own use, there were significant circumstances from which the jury could reasonably infer that he did. Among other things, appellant failed to report the money missing for a period of almost two years. Nondisclosure by one accused of embezzlement is evidence of intent: *Commonwealth v. Burns*, 198 Pa. Superior Ct. 208, 182 A. 2d 232. On appeal by a defendant following conviction, the Commonwealth must be given the benefit of all of the favorable trial testimony and every reasonable inference arising therefrom: *Commonwealth v. Ghaul*, 205 Pa. Superior Ct. 80, 207 A. 2d 917. A conviction may be sustained where the circumstances

proved reasonably and naturally justify an inference of the guilt of the accused and are of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt: *Commonwealth v. Dalton,* 199 Pa. Superior Ct. 388, 185 A. 2d 653.

Appellant contends finally that "the court erred in charging the jury as to facts which did not appear in the testimony". For a proper understanding of the situation it should be stated that checks on the special account required the signature of the prothonotary and the president judge. The portion of the charge of which appellant complains is set forth in the footnote.[1] No specific exception was taken. Cf. *Commonwealth v. Haas,* 198 Pa. Superior Ct. 227, 181 A. 2d 908. We adopt the following excerpt from Judge JOHNSTONE's well considered opinion: "The record does not disclose the fact that counsel for the defendant in his closing argument to the jury severely excoriated both the prothonotary and the president judge of this court for signing the check at the defendant's request and endeavored to make them instead of the defendant the 'goats' in this case. What the court said in its charge concerning this feature of the case is factually true and supported by the record. The defendant did obtain the signatures to the check at a time when he knew the money had not been deposited in the special account

---

[1] "It has been argued to you that there were mistakes made by the Prothonotary and the President Judge when they signed this check. That could be, but the only mistake was that they depended upon Mr. Oren who was the one who obtained their signatures and Mr. Oren knew at the time he had that check signed that the money wasn't there. He hadn't deposited even the $5,000.00 in the bank account that he knew was the proper place for the money. He hadn't deposited that money and he knew that $3,500.00 was missing when he had those men sign that check, and they depended upon him which had been done many times before. They depended upon him to do that which was right. They trusted him".

and at a time when he knew that a substantial part of the money was missing. None of this information was revealed by the defendant to either of the men signing the check. He, therefore, deceived them by not revealing the truth and without trust in the defendant, certainly neither one would have signed the check".

The judgment of sentence is affirmed and the appellant is directed to appear in the court below, at such time as he may be there called, to be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time the appeal was made a supersedeas.