Commonwealth *v.* Antonette, Appellant.

Argued December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

88

*Francis A. Ferrara,* with him *Kassab, Cherry, Curran & Archbold,* for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 20, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
Defendant, Samuel Antonette, was charged with the offense of bookmaking. On October 5, 1967, the jury found defendant guilty. A motion for new trial was dismissed by the lower court. On appeal, appellant has raised various contentions, one of which, in my opinion, requires the granting of a new trial. I believe that the court erred in its charge on reasonable doubt.

During its charge, the court made the following statement: "A reasonable doubt is neither a conjectural nor a fanciful doubt. Nor is it any possible doubt. But what it is, is a real and honest doubt arising from the evidence and of such a nature as if arising in a matter of highest importance to yourselves would cause you to hesitate *and prevent you from acting.*" (Emphasis added.)

At the conclusion of the charge, the following colloquy occurred between defense counsel and the court.

"Mr. Ferrara: I would like to have a general exception for the record and a specific exception to your charge, Your Honor, on reasonable doubt. If I remember your charge on reasonable doubt, it says, 'which caused him to hesitate and then prevents him.' The Court: Yes. Mr. Ferrara: I would take exception to that because 'prevent' does not clearly reflect—The Court: I just don't understand what it is that you are criticizing. Mr. Ferrara: What I am saying, Your Honor, a reasonable doubt, in the definition is one that causes a person to hesitate, I do not believe that the hesitation should culminate necessarily in a preventing, a preventing act, thereafter in consideration of the matters which are contemplated. The Court: I said that a reasonable doubt is neither a conjectural nor a fanciful doubt nor any possible doubt but a reasonable and honest doubt arising from the evidence and of such a nature as if arising in a matter of highest importance to yourself would cause you to hesitate and prevent you from acting. I think that is perfectly proper. I see your point. You are saying that any hesitancy is as far as the Court can go. I don't believe that is the law. When there is a hesitancy then they have got to consider the matter from all angles, and if they still hesitate, that is what the law terms a reasonable doubt and the defendant is entitled to the benefit of it."

The definition of "reasonable doubt" is of course crucial in any charge, for it is on this standard that the jury bases its decision.

As the above excerpts indicate, the court was directly challenged by defense counsel for its use of the word "prevent" in discussing reasonable doubt—The court rejected the exception and continued to insist that the charge was proper.

A virtually identical charge was considered in *Commonwealth v. Koss*, 136 Pa. Superior Ct. 173, 7 A. 2d 20 (1939), where we stated:

"Appellant also assigns for error the definition by the trial judge of the term 'reasonable doubt.' This definition was as follows: 'A reasonable doubt is a real doubt arising from the evidence, the kind of a doubt which in a matter of importance to yourself would cause you to hesitate and *prevent* you from coming to a clear conclusion. [We then discussed two other cases and continued.]

"But in all the cases, the doubt is expressed as such a doubt as would cause one to hesitate. *The cases have never held that the doubt must be so strong as to prevent a conclusion.*" (Emphasis added)

The Commonwealth, in opposition to the language quoted from *Koss* and in support of its position relied on *Commonwealth v. Ghaul*, 205 Pa. Superior Ct. 80, 207 A. 2d 917 (1965), and on *Commonwealth v. Donough*, 377 Pa. 46, 103 A. 2d 694 (1954), which accepted the following definition: "It must be an honest doubt arising out of the evidence itself, the kind of doubt that would *restrain* a reasonable man from acting in a matter of importance to himself." (Emphasis added) The Commonwealth, therefore, seeks to equate the words "prevent" and "restrain."

These two words, however, are not identical in meaning. The word "restrain" may carry with it the suggestion of a moderating force whereas "prevention" often includes a total blockage. In other words, a doubt which prevents action may be a greater doubt than one which would merely restrain action.

I recognize, of course, that the words "restrain" and "prevent" are very close in meaning, and subtle differences in their meaning may be unnoticed and ignored by most members of the jury.

We have held, however, that the use of the word "prevent" is error in defining reasonable doubt. In light of that clear and definite holding, I believe that the further use of the word in this very crucial part of the charge, standing alone, served as sufficient ground for reversal.

For this reason, I would reverse and grant a new trial.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.