# Commonwealth, Appellant, *v.* Grow.

*Criminal law—Sentence—Terms of court—New trial.*

1. Where a person is convicted by a jury before one of the three judges of the court, and he is subsequently sentenced by the three judges sitting together, and thereafter the trial judge makes an order suspending the sentence until the matter should be considered by his associates and himself acting together, and finally the other two judges make an order refusing to modify the original sentence, directing the sentence to be reinstated, and discharging rule for new trial, the trial judge cannot four terms thereafter enter an order arresting and setting aside the judgment and granting the defendant a new trial.

2. The entry of a judgment substantially and effectually overrules any pending motion in arrest of judgment or for a new trial.

3. The court of quarter sessions has no power in the absence of express statutory authority, to set aside a judgment entered upon a verdict of guilty in a criminal prosecution, after the expiration of the term at which the judgment was entered.

Argued Oct. 3, 1911. Appeals, Nos. 85 and 86, Oct. T., 1911, by Commonwealth, from orders of Q. S. Schuylkill Co., Oct. T., 1910, Nos. 126 and 127, setting aside judgments in granting a new trial in cases of Commonwealth v. William E. Grow and Commonwealth v. William J. Jones. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Indictment for a violation of the election laws.

The facts are stated in the opinion of the Superior Court and in the case of Com. ex rel. v. Murphy, 45 Pa. Superior Ct. 185.

*Error assigned* was the order of the trial judge in arresting judgment and granting a new trial.

*C. E. Berger* and *G. E. Farquhar*, with them *W. F. Lyons*, district attorney, for appellant.—The action of the court below was a disposition of the motion for a new trial in legal effect, if not in express terms. The entry of judgment in a criminal or in a civil case is a sufficient disposition of a motion in arrest of judgment or for a new trial, that is pending: Weaver v. Com., 29 Pa. 445; Com. v. Gabor, 209 Pa. 201; Penna. Salt Mfg. Co. v. Neel, 54 Pa. 9; Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379; Freiler v. Kear, 126 Pa. 470.

There being a final judgment upon the record, both of the court below and of the appellate court, there can be no motion for a new trial considered: Com. v. Richardson, 20 Pa. Dist. Rep. 350.

*Wm. Wilhelm*, with him *E. J. Maginnis*, for appellees.— Appellees hold that in addition to the determining of the

question of term by this honorable court, that the judgment of this court was in a civil proceeding, collateral to the one now before this court, and that therefore it could not be used as a bar to the disposal of the motions for new trials: Davis v. Beason, 133 U. S. 333 (10 Sup. Ct. Repr. 299); In re Lennon, 166 U. S. 548 (17 Sup. Ct. Repr. 658); Wales v. Whitney, 114 U. S. 564 (5 Sup. Ct. Repr. 1050); Williamson's Case, 26 Pa. 9; Com. v. Green, 185 Pa. 641; Com. ex rel. v. Keeper of the Jail of Philadelphia County, 26 Pa. 279; Com. ex rel. v. Lecky, 1 Watts, 66.

Granting or refusing a new trial are within the sound discretion of the trial court: O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136; Com. v. Leonard, 15 York, 25; Com. v. Gabor, 209 Pa. 201.

OPINION BY PORTER, J., December 11, 1911:

The county of Schuylkill forms a separate judicial district, and its courts are presided over by a president judge and two additional law judges. The defendant was tried upon an indictment which charged that he had willfully, unlawfully and fraudulently made a false return of the votes cast at a primary election and the trial resulted, on March 15, 1910, in a verdict of guilty as indicted. One of the additional law judges of the court presided at that trial. The defendant within the proper time made a motion for a new trial and obtained a rule to show cause why a new trial should not be granted. The rule to show cause why a new trial should not be granted was considered by the court in banc, all three of the judges being present, and all concurred, after consultation and deliberation, in discharging the rule and imposing sentence upon the defendant, on April 18, 1910. The defendant, on April 28, 1910, presented, to the judge who had presided at the trial, a petition praying that the sentence be revoked, "and to permit him to establish the truth of all the allegations set forth in his petition . . . . and if the court does not find that the allegations within his personal knowledge are true as herein stated, then your peti-

tioner agrees to be resentenced, for any such sentence as the court may deem proper to be given him. And if the court deem it justifiable to grant a new trial, your petitioner confidently believes that with an attorney who will present his case he will be acquitted." On April 30, 1910, the last day of the term, the trial judge made this order, the other judges not being present and not having been consulted: "And now, April 30, 1910, . . . . the court now revokes the sentence passed upon the said Jones and Grow on April 18, 1910, and suspend sentence in the case in which they were sentenced until I have an opportunity to consult with my colleagues on this matter, and that they each enter into bail to be approved by the court, in the sum of five thousand dollars." The commonwealth on May 2, 1910, the first day of the new term, moved the court to strike off the order of April 30, above quoted, revoking the sentence, assigning among other reasons that the sentence had been imposed by the whole court, composed of three judges, and the order revoking the sentence was entered by one judge, without consultation with his colleagues. This motion was considered by the court, composed of three judges, and after consultation and deliberation the president judge and one of the additional law judges arrived at the conclusion that the sentence which had been imposed by the court, on April 18, should stand, that the defendant should undergo the punishment by that sentence imposed and that the order revoking the sentence should be set aside. The court, in accordance with the conclusion of the majority of the judges, made the following order: "And now, May 9, 1910, the order of Judge BRUMM of April 30, 1910, revoking the sentence of William Jones and William Grow, passed and entered by this court on Monday, April 18, 1910, is set aside, the rule is discharged and the sentence is reinstated as though the above order were never made, and the high sheriff of Schuylkill county is directed and ordered to take into his custody forthwith the said William Jones and William Grow and deliver

them into the possession of the warden of the Schuylkill county prison for the fulfillment of the sentence imposed." An opinion was filed by each of the judges who joined in this action of the court. The judge who had presided at the trial and made the order of April 30 dissented from the conclusion reached by the court and a few days later filed an opinion in which he forcibly stated his views of the case and of his colleagues personally. Having filed this opinion, which is no part of the record, the learned judge did not attempt to make any order and that he could not have made any order which would have nullified the deliberate judgment entered by the majority of the court is too well settled to require discussion: Butts v. Armor et al., 164 Pa. 73. There the matter rested, so far as any action by the court below was concerned, with the final judgment of the court, entered May 9, 1910, reinstating the sentence imposed April 18, 1910, in full force until four terms had passed, when, on April 10, 1911, the judge who had dissented from the final order of the court, made ten months earlier, undertook to revoke the judgment of the court and entered what purported to be an order arresting and setting aside the judgment and granting the defendant a new trial. The commonwealth appeals from this supposed order arresting the judgment and granting a new trial.

The defendant did not, after the final judgment of the court was entered on May 9, 1910, see fit to take an appeal in regular order, under which he might have caused to be reviewed the entire record of the proceeding which had resulted in his conviction. Having been taken into custody by the sheriff, he elected to challenge the authority of the sheriff to detain him, under the final order made by the court, on May 9, 1910. He applied for and obtained from this court a writ of habeas corpus and ancillary to that proceeding a writ of certiorari was issued to bring up the record in this case. One William J. Jones had also been indicted for an offense growing out of the same transactions in which this defendant was involved

and in his case the proceedings were precisely similar to those which resulted in the imprisonment of this defendant, and Jones had also applied for and obtained a writ of habeas corpus from this court. The habeas corpus proceeding by this defendant and that by Jones were argued together in this court, they presented the same questions, were disposed of by one opinion, which was filed in the proceeding instituted by Jones, and both the petitioners were remanded to the custody of the warden of the Schuylkill county prison. The decisions of this court in those habeas corpus cases are reported in Com. ex rel. v. Murphy, 45 Pa. Superior Ct. 185, 193. The question whether the record disclosed a sentence, that is, a judgment of the court, which warranted the imprisonment of the defendant, was undoubtedly involved in that case. We there held that the order made on April 30, 1910, by a single judge of the court, could not be construed as an indefinite suspension of sentence, but that it was, what its words distinctly stated, a suspension of sentence until the matter should be considered by the judge who made the order and his associates acting together. President Judge RICE, who wrote the opinion in that case, clearly indicated a doubt as to the power of a single judge to do more than this in such a case, when he said: "If this were a case where one of these judges undertook, when sitting alone, though at a session of the court regularly convened, to substitute his discretion in the matter of the sentence for that of the three judges of the court exercised after deliberation and conference, it might well be questioned whether such action could be sustained: Butts v. Armor, 164 Pa. 73." There is a manifest distinction between an order which suspends a judgment and refers the matter of reconsideration of a sentence to all the judges of the court which imposed that sentence, and the case of an order in which a single judge undertakes to strike down the deliberate judgment of the court of which he is only one member. We held in that case that the order of May 9, 1910, in which a majority

of the judges of the court below concurred, was a resentence of the defendant and a final judgment of the court. There can be no profit in discussing the question whether our judgment in that case is conclusive in the present proceeding, as to the questions there involved. We unhesitatingly adopt the conclusion which we there reached, for the reasons in the opinion then filed, and it is not necessary that we should reiterate the words thereof. The learned judge who acted for himself, in making the order of April 30, 1910, did not attempt to grant a new trial in that order, he did not even grant a rule to show cause why a new trial should not be had; his order, made on the last day of the term, merely put it into the power of the court, as a court, to pass upon the question of granting the defendant a new trial. The final judgment of the court below, on May 9, 1910, set aside the order revoking the sentence and decreed that the sentence imposed by the court, on April 18, 1910, be "reinstated." The practical and the legal effect of this was precisely the same as if the court had then rewritten upon its record the very sentence which had been imposed on April 18. The court in making this final order seems to have proceeded upon the assumption that a rule for a new trial had been granted, for we find incorporated in its final judgment this order: "the rule is discharged and the sentence is reinstated."

The learned counsel for the appellee argues that as the court did not in its order of May 9, 1910, formally state that the motion for a new trial was overruled, that motion must be considered as having been left still pending and that it was, therefore, within the power of a single judge of the court below to grant a new trial at any future time, however remote. One sufficient answer to this is to be found in the order of the court, in the words "the rule is discharged," clearly indicating the intention of the court to discharge any rule, founded upon the petition of the defendant, which ought to be disposed of before final judgment. But the conclusive and final answer to this contention of the appellee is found in the well recog-

nized principle that the entry of the judgment substantially and effectually overrules any pending motion in arrest of judgment or for a new trial: Pennsylvania Salt Mfg. Co. v. Neel, 54 Pa. 9; Weaver v. Com., 29 Pa. 445; Com. v. Gabor, 209 Pa. 201. These authorities effectually dispose of the contention that a motion for a new trial was still pending, nearly a year after final judgment in the case. The question clearly presented by this record is, has the court of quarter sessions power, in the absence of express statutory authority, to set aside a judgment entered upon a verdict, after the expiration of the term, or rather after the expiration of four terms subsequent to the judgment? There must be a time when the power of a court to open its judgment, obtained adversely, ceases. If this be not so litigation would but begin where it ought to end, with the judgment. The granting of a new trial is, it is true, a matter for the exercise of a sound discretion merely, and it is not reviewable on appeal. There is, however, a just limitation to this remedy; the power of the court ceases when the day for discretion is past. The courts have discretionary power to permit a motion for a new trial to be filed nunc pro tunc at any time within the term at which the judgment was entered. The common-law power of the court below to set aside the judgment, obtained adversely, and grant a new trial, in the absence of an allegation of fraud, expires with the end of the term at which the judgment was entered: Mathers's Executor v. Patterson, 33 Pa. 485; Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379; King v. Brooks, 72 Pa. 363; Lance v. Bonnell, 105 Pa. 46; Fisher v. Railway Co., 185 Pa. 602; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136; Dean v. Munhall, 11 Pa. Superior Ct. 69; Beale v. Com., 25 Pa. 11. That the principle applies in criminal cases must be accepted as definitely settled by the decision in Com. v. Mayloy, 57 Pa. 291, in which it was held that the court could not retain its power to set aside its own judgment after the expiration of the term by entering, during the term, a rule to reconsider its judgment, and at a subse-

quent term alter the sentence. It was said in that case: "Courts are founded on express authority; and their duty is to hear and determine according to law. Beyond this the only express power to interfere in regard to convicts, is the pardoning power, exclusively in the hands of the executive." The opinion in that case discusses the effect not only upon the criminal but upon the court, of investing the judges with power to reconsider and revoke their judgments and resentence those convicted after the expiration of the term at which the judgment was entered, and thus sums up the conclusion: "With the execu-tion of the sentence which follows courts have nothing to do, nor ought they." The reasons given in the opinions in the Supreme Court cases referred to, are convincing and we would follow those decisions even if we were not by law required so to do. Our duty is to conform our decisions, willingly and not grudgingly, to the law as declared by the court of last resort. The discharge of that duty leaves us no alternative; we are constrained to hold that the order of the learned judge of the court below, dated April 10, 1911, setting aside the judgment of the court below and granting the defendant a new trial, was made without authority.

The order dated April 10, 1911, setting aside the judgment and granting the defendant a new trial, is reversed and the record is remitted to the court below with direction to carry into effect the sentence imposed by the court below on May 9, 1910, and to this end it is ordered that the defendant forthwith appear in the court below and that he be by that court committed until he has complied with so much of said sentence as had not been performed at the time the said order of April 10, 1911, was made.