## Commonwealth *v.* Monaghan, Appellant.

Submitted March 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Francis Monaghan,* in propria persona.

*Franklin E. Barr,* Assistant District Attorney, and *John H. Maurer,* District Attorney, for appellee.

PER CURIAM, April 20, 1948:

Appellant was convicted on March 21, 1946, of attempted burglary, unlawfully carrying firearms without a license, and unlawful possession of burglar tools. He was sentenced on May 6, 1946. Appellant was represented by counsel at the trial, and on behalf of appellant a motion for new trial was filed on March 25, 1946. This was withdrawn before imposition of sentence.

Appellant applied to the Supreme Court for a writ of error coram nobis on February 4, 1947. That court dismissed his petition. He then applied for a similar writ to the court of quarter sessions in which he had been tried. This was refused on April 22, 1947. He sought to have the Supreme Court review the action of the court below in refusing the writ of error coram nobis. The petition was dismissed.

On November 10, 1947, appellant's petition for leave to file motion for a new trial nunc pro tunc was refused by the court below. Appellant appealed to this Court on December 23, 1947. Appellant has presented to us only a petition entitled "Petition for Allowance of Appeal Nunc Pro Tunc," but therein (1) requests a review of the action of the court below in refusing leave to file motion for new trial nunc pro tunc; and (2) asks that he be allowed to appeal from the judgments of the court below. However, appellant's purpose, as set forth in that petition, is to obtain a review of the trial in which he was convicted and subsequently sentenced.

The court below would have committed no error if it had refused a timely motion for a new trial supported only by the reasons set forth in appellant's petition for leave to file motion for new trial nunc pro tunc to which the Commonwealth filed an answer. The petition contained no averment of fraud or averment that appellant had come into possession of evidence discovered since the trial which would likely produce a different verdict if a new trial were granted. See *Com. v. Grow*, 48 Pa. Superior Ct. 373, 380; *Com. v. Moskovitz et al.*, 142 Pa.

Superior Ct. 325, 16 A. 2d 317. Consequently, we shall not consider the time such petition was filed, or the power of the court below to set aside the judgments entered on the verdict after the expiration of the term or several terms subsequent to the entry of the judgments.[1] *Com. v. Grow,* supra, 48 Pa. Superior Ct. 373, 380. See *Com. v. Harris,* 351 Pa. 325, 327, 41 A. 2d 688; *Fischer et al. v. Hunsberger,* 153 Pa. Superior Ct. 572, 35 A. 2d 91; *Kingsdorf v. Frank Gamburg, Inc.,* 147 Pa. Superior Ct. 84, 91, 24 A. 2d 140; 3 Am. Jur., Appeal and Error, §418, p. 141.

The Act of May 11, 1927, P. L. 972, §1, 12 PS §1136, provides that "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order." No appeal has been taken from the judgments and sentences of May 6, 1946. Appeals from those judgments and sentences could not be taken after forty-five days from the date of entry. *Com. v. Montgomery,* 152 Pa. Superior Ct. 342, 344, 31 A. 2d 913; *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 197, 4 A. 2d 224. See Act of May 9, 1889, P. L. 158, §3, 12 PS §1163; *Nixon v. Nixon,* 329 Pa. 256, 259, 260, 198 A. 154; *Com. v. Le Grand et al.,* 336 Pa. 511, 517, 9 A. 2d 896.

The writ of certiorari from this Court has brought up the entire record which includes the testimony taken at the trial on March 21, 1946. Passing over all the obvious and valid objections that could be made to this appeal, we find no merit in appellant's allegations. In dismissing his last petition in the Supreme Court on May 26, 1947, that Court, in conclusively disposing of

---

[1] The Act of April 22, 1903, P. L. 245, 19 P.S. Sec. 861 et seq., provides that a new trial may be granted in murder cases on after discovered evidence, under authority of the Supreme Court, notwithstanding the expiration of the term at which the prisoner was convicted and sentenced. See *Com. v. Del Vaccio,* 303 Pa. 519, 154 A. 789; *Com. v. Cicere,* 286 Pa. 296, 133 A. 795.

the matter, said: "At the time that his application to this court for a writ of error coram nobis was before us, we read the evidence taken in the trial and were of the opinion that petitioner had a fair trial and that there was evidence sufficient to go to the jury in support of the indictments. A review of that record is not now properly before us, but we make this statement so the petitioner may know that this court has examined the evidence, which supports the conviction."

Appeal is dismissed.