Opinion by
 

 Arnold, J.,
 

 The defendant, Tachoir, by verdict of a jury, was found guilty of burglary and receiving stolen goods, and after sentence brings this appeal.
 

 Only one of the errors complained of requires discussion.
 

 In his charge the trial judge defined “reasonable doubt” as “a doubt so sincere and substantial that it stays with the processes of judgment and would in some weighty personal affair
 
 prevent
 
 a normally minded person from
 
 deciding irrevocably
 
 to take an important step; . . .” (Italics supplied.)
 

 In
 
 Commonwealth v. Kluska,
 
 333 Pa. 65, 3 A. 2d 398, Mr. Justice Stern commented upon the vacillation in defining reasonable doubt, and the desirability of trial courts adhering to the approved definitions, and stated (p. 74) : “. . . we are of opinion that the jury should be told either, as in . . . [Commonwealth v. Andrews, 234 Pa. 597, 83 A. 412], that they should not
 
 *241
 
 condemn unless so convinced by the evidence that they would venture to act upon that conviction in matters
 
 of the highest importance
 
 to their own interests, or, as iu . . . [Commonwealth v. Green, 292 Pa. 579, 141 A. 624] and [Commonwealth v. Jermyn et al., 101 Pa. Superior Ct. 455, 474], that a reasonable doubt was one that would cause them to hesitate to act in any of the
 
 important
 
 affairs of their own lives.”
 

 The instant definition put a greater burden on the defendant than he would have borne under a proper instruction. The error ivas much the same as in
 
 Commonwealth v. Koss,
 
 186 Pa. Superior Ct. 173, 7 A. 2d 20, where the following definition was condemned: “A reasonable doubt is a real doubt arising from the evidence, the kind of a doubt which in a matter of importance to yourself would cause you to hesitate
 
 and prevent yon from coming to a clear conclusion ”
 
 (Italics supplied.) This Court stated: “But in all the cases, the doubt is expressed as such a doubt as would cause one to
 
 hesitate.
 
 The cases have never held that the doubt must be so strong as to
 
 prevent
 
 a conclusion.” Since a reasonable doubt is one that would cause a juror to
 
 hesitate
 
 to act in any of the important affairs of his own life,
 
 [1]
 
 —it was therefore error to charge, in effect, that it is such a doubt as Avould
 
 control
 
 (prevent) a decision (particularly an “irrevocable” one) to take an important step.
 

 The other questions argued by the appellant need not be discussed, as upon a retrial they Avill undoubtedly be avoided. The charge of the court as to the various aspects of circumstantial eAddenee had better be given in accordance Avith the approved precedents. See
 
 Commonwealth v. Woong Knee New,
 
 354 Pa. 188, 194, 195, 47 A. 2d 450;
 
 Commonwealth v. Wentzel,
 
 360 Pa. 137, 61 A. 2d 309.
 

 Judgment and sentence reversed and a new trial ordered.
 

 [1]
 

 Commonwealth v. Jermyn et al.,
 
 101
 
 Pa.
 
 Superior Ct. 455.