Commonwealth ex rel. McNelis, Appellant, *v.* Claudy.

Submitted November 19, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*John P. Hickey* and *Carl Blanchfield,* for appellant.

*William S. Rahauser,* District Attorney, and *Henry R. Smith, Jr.,* Assistant District Attorney, for appellee.

Opinion by Rhodes, P. J., January 17, 1952:

This is a habeas corpus proceeding which is before us on appeal by relator from an order of the Court of Common Pleas of Allegheny County discharging rule to show cause and denying his petition for writ of habeas corpus.

Relator and a co-defendant, Joseph Tachoir, were indicted, tried, and found guilty after a trial by a jury on January 20, 1949, on charges of burglary and receiving stolen goods, in the Court of Oyer and Terminer of Allegheny County. On that date relator was sentenced to a term of not less than five years nor more than ten years in the Western State Penitentiary, the sentence to be effective as of December 13, 1948. The co-defendant, Tachoir, filed a motion for a new trial. Upon being denied, Tachoir appealed to this Court, whereupon judgment and sentence were reversed and a new trial ordered on January 12, 1950, in *Com. v.*

*Tachoir*, 166 Pa. Superior Ct. 239, 70 A. 2d 474. Relator did not file a timely motion for a new trial. However, on April 17, 1950, relator was permitted to file a motion for new trial nunc pro tunc which was granted. Relator and Tachoir were again tried on October 11, 1950, before President Judge GRAFF of the Thirty-third Judicial District, specially presiding, and a jury. The verdict of the jury was guilty as to both. Tachoir again filed a motion for a new trial which was refused on January 7, 1951. Relator failed to file a motion for a new trial after the second conviction. On April 2, 1951, relator was sentenced to a term of not less than five years nor more than ten years in the Western State Penitentiary, the same to be effective as of December 13, 1948. This was the same sentence as imposed after the first trial. The record shows that on February 15, 1951, "sentence was deferred as to Cormac McNelis by reason of the illness of Judge GRAFF," who had presided at relator's second trial.

Relator in his petition for writ of habeas corpus filed on July 2, 1951, in the Court of Common Pleas of Allegheny County, avers that no sentence was imposed during the term following his conviction on October 11, 1950, and that, no order having been entered postponing, deferring, or suspending sentence, the sentence imposed on April 2, 1951, was without authority of law and therefore void.

In *Com. v. Grow*, 48 Pa. Superior Ct. 373, 380, we held: "The courts have discretionary power to permit a motion for a new trial to be filed nunc pro tunc at any time within the term at which the judgment was entered. The common-law power of the court below to set aside the judgment, obtained adversely, and grant a new trial, in the absence of an allegation of fraud, expires with the end of the term at which the judgment was entered." See *Com. v. Carpenter*, 163 Pa. Superior Ct. 30, 60 A. 2d 407. Although the original trial judge

may have had no power to grant relator a new trial under the circumstances, it would appear that the action of the court in granting relator a new trial was predicated upon our reversal of the judgment and sentence of relator's co-defendant, Tachoir, because of an error in the charge of the court, the erroneous charge being applicable to the trial of relator as well as of Tachoir. Obviously relator was the beneficiary of any error in granting a new trial.

Relator's contention relative to the loss of power of the court after the second trial to sentence relator after the expiration of the term at which the conviction was had in the absence of a formal order within the term deferring or suspending sentence cannot prevail since *Com. ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A. 2d 244. The Supreme Court, in the latter case, said (pages 219, 220 of 368 Pa., page 248 of 82 A. 2d): "There is neither statute nor rule requiring that a court impose sentence during the term in which a defendant is convicted. . . . For any unnecessary delay in the sentencing of an incarcerated defendant, a petition for habeas corpus is the efficient means for correcting the abuse. . . . We do not think that the sovereign power to punish for crime which the people have vested in their courts depends for its uniform and continued applicability upon anything so fortuitous as a trial judge's failure to recite a rote in term time."

It appears, as stated by the court below, that relator's sentence was initially delayed pending the disposition of the motion for a new trial filed in behalf of Tachoir. Disposition of this motion was not made until January 7, 1951. Further delay was apparently the result of the illness of President Judge GRAFF, the trial judge, and this fact was noted in the record on February 15, 1951. The opinion of the court below adequately summarizes the present proceeding: "This case presents only one of many now coming before courts,

of prisoners incarcerated seeking to be relieved of just sentence because of some alleged technicality. Clearly the petitioner was not injured in any way by the delay in imposing sentence upon him. Nor can we find where our power to sentence was waived, either expressly or by any conduct. Indeed it may be well questioned whether the original trial judge had any right to grant a new trial in an order made many terms after sentence of judgment had been imposed. If no right existed to grant a new trial, then the original sentence, which was re-imposed, is properly in effect."

Relator has not been deprived of any constitutional right, and he has not been otherwise prejudiced. Certainly relator has not shown that he "hath probable cause to be delivered."

Order is affirmed.