Commonwealth *v.* Barksdale, Appellant.

Submitted September 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Alexander Hemphill,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 21, 1971:

Appellant William Barksdale was convicted of burglary and aggravated robbery and acquitted of attempt with intent to kill by the Honorable Paul CHALFIN and a jury in the Court of Common Pleas of Philadelphia. He appeals from an order of September 9, 1970, denying his motions in arrest of judgment and for a new trial.

Two issues raised by appellant require our consideration.[1] First, the court, in its charge to the jury, repeatedly defined "reasonable doubt" as a doubt which would cause one to *"refrain* from acting" in matters of highest importance in his own life. In *Commonwealth v. Kluska,* 333 Pa. 65, 3 A. 2d 398 (1939), our Supreme Court recommended that the jury be told a reasonable doubt was one that would cause them to "hesitate to act" in any of the important affairs of their own lives. In *Commonwealth v. Koss,* 136 Pa. Superior Ct. 173, 7

---

[1] Appellant's contentions that he was denied a speedy trial under the "180 day" rule, and that the jury was improperly charged on his not testifying on his own behalf, are not supported by the record.

A. 2d 20 (1939) and *Commonwealth v. Tachoir,* 166 Pa. Superior Ct. 239, 70 A. 2d 474 (1950), this Court ruled that it was reversible error to define a reasonable doubt as one that would "prevent" coming to a clear conclusion. While the term "hesitate" certainly requires less doubt than the term "refrain" our Supreme Court has recently recommended defining a reasonable doubt as one that would "restrain" a reasonable person from acting in a matter of importance to himself. *Commonwealth v. Donough,* 377 Pa. 46, 51, 52, 103 A. 2d 694 (1954) ; *Commonwealth v. Burns,* 409 Pa. 619, 635, 187 A. 2d 552 (1963). As between "refraining from acting" and being "restrained from acting" there is no distinction that would support reversal.

Secondly, the principal evidence linking appellant with the robbery was the testimony of a witness who undisputedly had a history of suffering from mental difficulties in which fantasy and reality were at times confused in her thought processes. Appellant urges that the court below should have: (1) made on independent determination—with the aid of a psychiatric examination—to determine whether she was competent to testify, (2) permitted the jury to hear in its entirety a year old psychiatric report and, (3) charged the jury that her testimony was unworthy of belief. We find no merit in any of these contentions.

The witness Loretta Johnson, had originally been indicted along with appellant and a codefendant William Smith. Her case was severed over the vigorous objection of her codefendants, on the Commonwealth's motion just before trial. The fact that the Commonwealth had given Miss Johnson substantial inducement to testify by assuring her of a recommendation for nolle prosequi in the instant case and "consideration in other matters", and the fact that she was incarcerated for another crime, were fully revealed to the court and

the jury. In addition, it was brought out on cross-examination that Miss Johnson might have a revengeful motivation against appellant arising from the fact that he had been living with her and then rejected her.

All of the witnesses were sequestered. The Commonwealth's other witnesses, the owner, cashier and a customer of a check-cashing agency at 3037 West Diamond Street, testified that at approximately 3:00 p.m. on February 28, 1968, the agency was robbed of some $8700 by two Negro males. The testimony was agreed that one man was tall, dressed in a light trench coat, and armed with a gun which he carried under his coat; the other was shorter, heavier and dressed in a dark leather coat. The customer identified Smith as the tall man. None of the other witnesses was able to identify the second man. Testimony also established that when the owner ran out and called for help, both robbers fled, and the tall man who had picked up the money dropped some of it.

Miss Johnson testified that she had driven Smith and Barksdale to a corner near 31st and Diamond on the date in question, and waited for them with the motor of the getaway car running. Although there were certain inconsistencies in her testimony, it nevertheless reflected that of the other witnesses on details of the crime. She stated that Smith left the car with a double-barreled sawed-off shotgun under his coat, that the men were running when they came back to the car, and that they talked about Smith dropping part of the loot.

A witness' inability to tell the truth, distinguish truth from falsehood, or understand the obligation of the oath is a matter of competence, not just of credibility. *Commonwealth v. Collins,* 436 Pa. 114, 259 A. 2d 160 (1969). The determination of competency is for the court. *Commonwealth v. Collins,* supra. The law is clear, however, that an objection based on compe-

tency should be made before testimony is given if the incompetency is known, and if not, should be made as soon as it becomes apparent. See *Commonwealth v. Kosh,* 305 Pa. 146, 157 A. 479 (1931). In addition, it has been stressed that the trial judge has no obligation to order any investigation of competency unless he has some doubt in his own mind from having observed the witness. *Commonwealth v. Kosh,* supra; *Commonwealth v. Lopinson,* 427 Pa. 284, 305, 234 A. 2d 552 (1967), rev'd on other grounds, 392 U.S. 647 (1968); *Commonwealth v. Repyneck,* 181 Pa. Superior Ct. 630, 638, 124 A. 2d 693 (1956).

Here the actual word "incompetence" was never used of record by the defense. Appellant's repeated attempts to discredit the witness' credibility during trial all raised matters that were in fact pertinent to incompetence, but the record does not show that this issue was ever squarely framed. There were, however, several off record conferences and appellant alleges that he repeatedly requested a new psychiatric examination. That, however, does not appear of record. Since appellant was fully aware of the witness' alleged mental infirmity prior to her actually taking the stand, and no objection was made at that time, appellant's claim of incompetency must be deemed waived. *Commonwealth v. Milliner,* 442 Pa. 537, 276 A. 2d 520 (1971). *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968). Further, even if the issue had been properly presented, the trial court had discretion in its investigation of competency, see *Commonwealth v. Kosh,* supra, and in whether or not to hold a separate hearing on the issue. Here, apparently, the court was convinced on the available evidence (including two psychiatric examinations) that the witness was in fact competent. Our review does not indicate that under the circumstances, justice requires an independent determination of competency.

Appellant contends that the trial court erred in not permitting the jury to hear a year old psychiatric report of the witness in its entirety. We disagree. It is sufficient to note that the court did nothing more than follow defense counsel's stipulation that only certain parts of the report actually be read. In fact, only those sections of the examination report that counsel deemed "not relevant" were omitted from the jury's consideration.

Finally, appellant contends, citing *Commonwealth v. Campbell*, 116 Pa. Superior Ct. 180, 176 Atl. 246 (1935), that the trial court should have charged the jury that Miss Johnson's testimony was unworthy of belief. His reliance on *Campbell*, supra, is inappropriate as that case simply —although wisely—stated as dicta that an accomplice's testimony should be viewed with caution. The trial judge's charge accurately reflected this consideration.[2]

Judgment of sentence affirmed.

---

[2] The judge instructed the jury as follows: "Her testimony must be carefully scrutinized and considered with caution before it can be safely and completely relied upon by you."