## Commonwealth v. Hagmaier

*Paul Millin,* District Attorney, for Commonwealth.
*Wein & Zerby* by *Ralph L. S. Montana,* for defendant.

WOLFE, P. J., November 20, 1973.—We have before us the petition of defendant requesting the court to grant petitioner relief in this summary cause in the form of an appeal nunc pro tunc and for a hearing de novo on the facts and law following his conviction in the magistrate's court on January 18, 1972, for unlawfully killing three antlerless deer in closed season in violation of section 701 of the Pennsylvania Game Laws.

Petitioner's request for relief is pleaded on the grounds that his defense counsel abandoned him and did not perfect an appeal within the statutory period, notwithstanding the fact that counsel was directed to do so and allegedly promised to make the appeal.

The Game Law by Act of June 3, 1937, P. L. 1225, art. XII, sec. 1210, 34 PS §1311.1210, required any person convicted of violating any provisions of the Game Law who contemplated appeal to do so within five days after conviction to the court of quarter sessions of the county in which convicted or, in addition, . . . the defendant could certiorari the proceedings to the court of common pleas within five days following conviction. This act has since been repealed and replaced by the Minor Judiciary Court Appeals Act of

December 2, 1968, P. L. 1137 (No. 355), sec. 3(c), 42 PS §3003, providing for an appeal from a summary conviction to be taken within 10 days. Although it is not disputed that petitioner made attempts to have his complaints against his trial counsel reviewed by the county bar Grievance Committee after being notified of his conviction and failure of perfection of appeal, petitioner did not take any concrete steps into court until November 6, 1973, by retaining other counsel. It is now well settled that the neglect or failure of a party or his counsel to perfect an appeal within the time fixed by law is no reason for the court to extend the period or allow it nunc pro tunc: W. W. Grainger, Inc. v. Ruth, 192 Pa. Superior Ct. 446, 449 (1960), and cases therein cited.

Concerning summary convictions and, in particular, game violations is the case of Commonwealth v. Bellotti, 36 D. & C. 2d 268 (1964), wherein an appeal following a conviction for a game violation before a justice of the peace was quashed because defendant had failed to perfect it within the five-day period provided. Although the appeal was taken within the 10-day period established for summary convictions generally provided by the Act of June 3, 1953, P. L. 272, 19 PS § 1189, the court held that the Game Law, as well as The Vehicle Code, requiring appeals to be perfected within a stated time, is an exclusive remedy. The cases have held that in all convictions, imposing a punishment other than the death penalty, the time to consummate an appeal is mandatory and cannot be extended by agreement or stipulation unless there is fraud or misrepresentation: Commonwealth v. Monaghan, 162 Pa. Superior Ct. 530 (1948), certiorari denied, 355 U. S. 847, 69 S. Ct. 59.

In death sentence imposition cases, our courts have held that a person who has been convicted of murder

has an absolute right of appellate review by our Supreme Court irrespective of the reason for failure to make the appeal within the 45-day period provided: Commonwealth ex rel. Scoleri v. Myers, 423 Pa. 558 (1967).

Appellant relies on Zeigler's Petition, 207 Pa. 131 (1903), wherein the court permitted an appeal nunc pro tunc permitting county commissioners to appeal from a report of a county auditor; but there the court found that the report was obtained by fraud practiced upon the county treasurer and that such fraud was not discovered until after the time permitted for the appeal had passed. Petitioner also relies upon Commonwealth v. Smith, 47 D. & C. 300 (1942). We think petitioner's reliance on this case is misplaced. There, the court discussed that before an appeal will be permitted nunc pro tunc two things must be conclusive, to wit:

"First.—Some proper reason for not complying with the law prescribing the time when an appeal is to be taken.

"Second.—Valid reasons why the decision of the magistrate should be reviewed by the court."

In Smith, the court merely held that in denying relief "an appeal from summary conviction will not be allowed unless it sets forth a doubtful legal question which is involved; or unless it is alleged that the magistrate acted corruptly or oppressively, or otherwise misconducted himself, with the facts to support such allegations:" Commonwealth v. Smith, supra, at page 301.

In the instant case, there are no allegations that the magistrate acted in any improper manner and, on the contrary, the magistrate fully informed petitioner as well as petitioner's counsel, by letter, of his decision on January 18, 1972.

Although we are tempted to permit the appeal, we think it would be illegal and improper to do so. The rules exists for a sound reason, namely, that litigation must be brought to a close; and if it is permitted to be opened on allegations of ignorance and failure of counsel to act, no case could be finally laid to rest. As in this case, the Commonwealth opposes the petition for reason of loss of possible witnesses and evidence to again prove its case.

For the foregoing reasons, we make the following

### ORDER

And now, to wit, November 20, 1973, the petition of defendant for relief to file appeal nunc pro tunc is denied.

Exceptions to defendant.