378 A.2d 322

**COMMONWEALTH of Pennsylvania**

**v.**

**James MARSHALL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided Oct. 6, 1977.

334

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Bert M. Goodman, Assistant District Attorney, Lansdale, and William T. Nicholas, District Attorney, Norristown, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County by the defendant-appellant, James Marshall, after conviction by a jury of felonious restraint, criminal coercion and simple assault. Post-trial motions were denied and he was sentenced to not less than two and one-half years nor more than five years imprisonment.

The facts are as follows, as viewed in the light most favorable to the Commonwealth: At 8:30 A.M. on Sunday, March 18, 1975, Barbara Whitby, aged 14, was on her way to church when the defendant, wearing a flowered shirt, purple pants and a nylon stocking over his head grabbed her from behind and took her into an alley towards a parked 1967, blue Cougar automobile. She was yelling throughout the time of the incident and in fear of her life. Officer McClincy came on the scene and observed the defendant dragging

the struggling girl toward a car. There was no other person in the area. Upon seeing the police officer, the defendant released the girl, pulled the stocking off his head and ran. The officer followed in the patrol car but lost the defendant. He then returned to the alley and parked behind the Cougar. He placed the girl in the patrol car and started off on foot with his police dog.

Officer McClincy then observed two police officers run into a walkway near the Armory Building. One of the officers had seen the defendant running and halted him. From a distance of five feet, he observed the defendant throw what proved to be a nylon stocking to the ground before placing his hands on the wall as ordered by the officers.

At trial Barbara Whitby and Officer McClincy testified that they had a clear and unobstructed view of the defendant when he removed the stocking and positively identified the defendant as the assailant. They were corroborated by the other officers. Each of the Commonwealth witnesses testified and described the defendant as clothed in a flowered shirt and purple pants. The officer testified that the stocking admitted into evidence was the same one thrown on the ground by the defendant. The Cougar car was owned by the defendant's girlfriend with whom he was living at the time of the incident.

■ The appellant's contention that the verdict is contrary to the evidence and against the weight of the evidence is without merit.

■ The appellant further contends that the court erred in refusing to suppress the evidence of the stocking. Even counsel for the defendant conceded that the stocking was found six feet from where the defendant was apprehended. The evidence of Officer McClincy as to the stocking was unrebutted and the court below found him to be a credible witness. This contention is without merit.

The final contention of the appellant is that the court below erred in refusing his motion to conduct voir dire of

the victim to determine if she was competent to testify. This was not raised on the basis of age, the victim was fourteen at the time, but on the basis of mental incompetency. The issue was introduced into the case when counsel for the defendant called the court's attention to a statement by one of the officers at the preliminary hearing that the victim, in his opinion, was "to a degree mentally retarded". The transcript of the preliminary hearing discloses that when the officer made this statement the victim vigorously denied it. The following colloquy took place at the time of the motion:

"THE COURT: You (addressing himself to the district attorney), apparently have interviewed the girl?

"MR. SKYPALA: (the district attorney): Yes.

"THE COURT: Was there anything that you can see that——

"MR. SKYPALA: She seems competent to testify, Your Honor.

"THE COURT: What do you observe about her mental capacity, or sanity or mental fitness?

"MR. SKYPALA: She seems to know her surroundings, is well aware of this particular incident and has an accurate —appears to me to be an accurate or lucid representation of what occurred at this time.

"THE COURT: Then her recollection, her identification——

"MR. SKYPALA: She knows her surroundings, she knows her school (sic).

"THE COURT: Her ultimate credibility will be for the jury, so the motion is refused."

The judge below after observation of the witness and listening to her testimony had no doubt about her competency. An examination of the transcript of her testimony shows that the girl gave intelligent answers to the questions and indicated full knowledge of the incident. Reading the cold record, there is no evidence of weak mindedness. She was fourteen years of age and in the eighth grade in school.

338

■ The mental competency of the witness is for the trial judge to determine and his action is not reversible in the absence of a clear abuse of discretion. *Commonwealth v. Chuck*, 227 Pa.Super. 612, 323 A.2d 123 (1974). The trial judge has no obligation to order an investigation of competency unless he has some doubt in his mind from having observed the witness. *Commonwealth v. Barksdale*, 219 Pa.Super. 444, 281 A.2d 703 (1971). See also, *Commonwealth v. Kosh*, 305 Pa. 146, 157 A.2d 479 (1931).

*Barksdale*, supra, reaffirms that the mental competency of the witness is a matter of the trial judge's determination, but adds that if a judge during his observation of the witness has a doubt that the witness is competent he must hold an investigation of the issue. However, here, after observation, the trial judge had no doubt as to her competency. The doubt could also have been raised by the advance of proof on the defendant's part as to incompetency. However, absent any specific or concrete allegations regarding this witness' competency by the opposing party and the record is entirely bare as to this, "the observation" referred to in *Barksdale* must be the general testimony and demeanor of the witness. As the judge said: ". . . We are dealing with human beings here . . . I don't think it is fair to the alleged victim here, to bring something like this out unless you have competent testimony from some doctors that can say it (she is incompetent)."

■ Five months elapsed between the preliminary hearing and the trial. The defendant had ample time to find additional evidence which would substantiate or corroborate Officer McClincy's allusion as to Ms. Whitby's mental state. However, at the side bar conference, trial defense counsel based his request for voir dire solely on the officer's testimony. The mental capacity of every witness is presumed; the burden of proof of incompetency rests on the party opposing the witness. *Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258 (1974).

■ The test of competency to testify is the ability to give a correct account of the matters which the witness had seen or heard. "In general the testimony of any person, regardless of his mental condition, is competent evidence unless it contributes nothing whatever because he is wholly untrustworthy." *Commonwealth v. Ware*, supra 459 Pa. at page 352, 329 A.2d at page 267.

■ Under the circumstances in this case as outlined in this opinion, the court below did not abuse its discretion in refusing voir dire as to the competency of this witness.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.