**Roddy STARKES**

v.

**Ronald MARKS, Warden, State Correctional Institution at Huntingdon, Pennsylvania.**

**Civ. A. No. 80–0885.**

United States District Court, E. D. Pennsylvania.

July 6, 1981.

state prisoner pursuant to 28 U.S.C. § 2254. The petitioner, Roddy Starkes ("Starkes"), is presently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania. The petition presents the issue of whether due process requires that Pennsylvania courts select one of two approved, but differing, charges defining "reasonable doubt" for uniform use in Pennsylvania. For the reasons which follow, the petition will be denied.

## I.

On June 29, 1977, Starkes was tried and convicted of robbery, burglary, criminal conspiracy, possession of an instrument of crime and simple assault, in the Court of Common Pleas, Philadelphia, Pennsylvania.[1] At trial, the Court, on three separate occasions, instructed the jury that a "reasonable doubt" is a "doubt of such substance that if it occurred in connection with a matter of great importance in your own affairs, it would cause you to restrain from acting." On appeal, the Superior Court dismissed, as without merit, Starkes' claim that the trial court had erred in defining "reasonable doubt" to the jury. *Commonwealth v. Starkes*, 268 Pa.Super. 108, 110 n.1, 407 A.2d 853, 853 n.1 (1979).[2] On October 22, 1979, the Supreme Court of Pennsylvania denied Starkes' petition for an allowance of appeal. Since petitioner has thus exhausted his state law remedies, the Court has jurisdiction pursuant to 28 U.S.C. § 2254.

Leonard Sosnov, Defender Ass'n of Philadelphia, Philadelphia, Pa., for petitioner.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is a petition for a writ of habeas corpus brought by a

## II.

■ Due process prohibits the criminal conviction of any person "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d

1. Starkes was sentenced to the following concurrent terms: six to twelve years for robbery; three to six years for burglary; five to ten years for criminal conspiracy; two to five years for possession of an instrument of crime, and six months to one year for simple assault.

2. Starkes' burglary conviction was reversed for other reasons. *Commonwealth v. Starkes*, 268 Pa.Super. 108, 115, 407 A.2d 853, 856 (1979). Upon remand for resentencing, the trial court reimposed the sentences initially imposed on the remaining convictions of robbery, criminal conspiracy, possession of an instrument of crime, and simple assault.

368 (1970). *See also Jackson v. Virginia*, 443 U.S. 307, 316–20, 99 S.Ct. 2781, 2788–2790, 61 L.Ed.2d 560 (1979). However, research indicates that the Supreme Court has never expressly defined the standard of "reasonable doubt." In *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the Supreme Court stated:

> We think this section of the charge should have been in terms of the kind of doubt that would make a person hesitate to act, . . ., rather than the kind on which he would be willing to act. But we believe that the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some.

*Id.* at 140, 75 S.Ct. at 137 (citation omitted). The Supreme Court admonished, however, that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *Id.* (citation omitted). Thus, it appears that the states are free to formulate their own definitions of reasonable doubt so long as the definition is "not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some." *Id.*

█ The Supreme Court of Pennsylvania has approved two different versions of jury instructions which define "reasonable doubt." In *Commonwealth v. Kluska*, 333 Pa. 65, 3 A.2d 398 (1939), the Supreme Court of Pennsylvania stated:

> As a standard and approved form of charge, however, we are of opinion that the jury should be told either . . . that they should not condemn unless so convinced by the evidence that they would venture to act upon that conviction in matters of the highest importance to their own interests, or . . . that a reasonable doubt was one that would cause them to *hesitate to act* in any of the important affairs of their own lives.

*Id.* at 74, 3 A.2d at 403 (emphasis of the court deleted; emphasis added). Nevertheless, almost fifteen years later, the Supreme Court, in *Commonwealth v. Donough*, 377 Pa. 46, 103 A.2d 694 (1954), stated:

A standard and approved form of charge on this point would be: "The defendant comes before you presumed to be innocent and the burden is upon the Commonwealth to prove his guilt beyond a reasonable doubt. A reasonable doubt cannot be a doubt fancied or conjured up in the minds of the jury to escape an unpleasant verdict; it must be an honest doubt arising out of the evidence itself, the kind of doubt that would *restrain a reasonable man (or woman) from acting* in a matter of importance to himself (or herself)."

*Id.* at 51–52, 103 A.2d at 697 (emphasis added). Both charges still remain valid in Pennsylvania. *Commonwealth v. Young*, 456 Pa. 102, 109–10, 317 A.2d 258, 261–62 (1974); *Commonwealth v. Moore*, 271 Pa. Super. 494, 414 A.2d 362, 364 (1979).

█ Starkes claims that he was denied due process because the trial court charged the jury with the *Donough* ("restrain from acting") "reasonable doubt" instruction, rather than the *Kluska* ("hesitate to act") instruction. Starkes argues that "restrain from acting" requires a lesser burden of proof of guilt than "hesitate to act;" or, stated in the converse, "hesitate to act" requires a smaller quantum of doubt to acquit than "restrain from acting." *See Commonwealth v. Barksdale*, 219 Pa.Super. 444, 446, 281 A.2d 703, 704 (1971) (no distinction between "restrain" and "refrain;" however, "hesitate" requires less doubt than "refrain"). Thus, Starkes argues that due process is denied because some defendants receive the "more favorable" "hesitate to act" charge, while other defendants receive the "less favorable" "restrain from acting" instruction.

Although at first appealing, this argument does not persuade the Court. In *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), the Supreme Court held that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *See also Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977); *United States ex rel. Dorey v. State of New Jersey*, 560 F.2d 584,

587 (3rd Cir. 1977). Accordingly, the words "hesitate" and "restrain" cannot be viewed in isolation; instead, both must be considered in the context of the respective charges. Both charges emphasize the "reasonableness" of the doubt. As reflected in the trial record, the trial judge went to great lengths to explain the burden of proof and the "reasonable doubt" standard. Reference to the "restrain from acting" definition was only a component of the overall charge defining "reasonable doubt." Although there may be a semantic difference between the terms "restrain" and "hesitate" when viewed in isolation, it cannot be said, however, that there is a substantial difference between these two charges when each term is viewed in the context of the overall charge. *See Cupp v. Naughten, supra; United States ex rel. Matthews v. Johnson,* 503 F.2d 339, 344–46 (3rd Cir. 1974), *cert. denied,* 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975).

Obviously, it would be far more helpful to Pennsylvania trial courts, prosecutors, defense lawyers and defendants for the Pennsylvania Supreme Court to choose one of these two charges to be uniformly applied in jury instructions across Pennsylvania. The adoption of a single standard charge for defining the burden of proof and "reasonable doubt" would help promote uniformity, while avoiding the appearance of unfairness in criminal cases. *See, e. g.,* Pennsylvania Suggested Standard Criminal Jury Instructions, § 7.01 (June 1975). However, in light of the Supreme Court precedent discussed herein, and the absence of any substantial difference between these two charges when viewed in the context of the charges as a whole, the Court holds that Starkes was not denied due process of law.