491 A.2d 843

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Eric Ralph FRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1984.

Filed March 22, 1985.

334

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and MONTGOMERY, JJ.

WIEAND, Judge:

Does evidence that an eighteen year old defendant placed his arms around a ten year old child and lifted the child from the ground support a conviction for simple assault in violation of 18 Pa.C.S. § 2701(a)(3)? We hold that it does not. Therefore, we reverse the judgment of sentence and discharge the defendant.

On March 11, 1983, a ten year old female child was walking to school with a younger brother and two friends. When she reached the school grounds, Eric Fry, age eighteen, approached her from behind, grabbed her by putting his arms around her and lifted her off the ground. When she started to kick and scream, Fry said, "shut up, you're coming with me." The child had not been acquainted previously with Fry. Two children who were serving as safety patrol members saw what was happening and ran toward Fry; whereupon, he put the child down and walked away. At trial, the child surmised that Fry intended to pull her toward a flight of stairs leading to a locker room, but she conceded that she wasn't certain about that.

Fry was tried by jury and was found guilty of false imprisonment in violation of 18 Pa.C.S. § 2903 and of simple assault in violation of 18 Pa.C.S. § 2701(a)(3). The trial court found the evidence insufficient to sustain the conviction for false imprisonment and arrested judgment thereon. With respect to the conviction for simple assault, however, the trial court denied post-trial motions and sentenced Fry to probation for twenty-three months. Fry appealed.[1]

---

1. In addition to Fry's contention that the evidence was insufficient to show an assault, he argues that the lower court erred by refusing to suppress evidence of a photographic array displayed by the principal of the school, with assistance from local police. Initially, two children viewed the array together and selected photographs of Fry and another boy as the possible perpetrator. Two other children viewed the array together and unhesitatingly selected Fry's photograph as a picture of the perpetrator. Because we deem the evidence insufficient to sustain appellant's conviction for assault, we do not decide whether the photographic display was police action or the act of a private citizen and whether it was unduly suggestive.

■ Fry was charged and convicted of violating 18 Pa. C.S. § 2701(a)(3) which provides: "A person is guilty of an assault if he: ... attempts by physical menace to put another in fear of imminent serious bodily injury." To prove a violation of this section, the Commonwealth was required to produce evidence sufficient to enable twelve reasonably intelligent persons to find beyond a reasonable doubt that appellant acted with a *specific intent to put the child in fear of imminent serious bodily injury.* See: *In the Interest of J.L.,* 327 Pa.Super. 175, 475 A.2d 156 (1984). Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

■ When we examine the evidence to determine whether the evidence was sufficient to support such a finding, we view it in the light most favorable to the Commonwealth. *Commonwealth v. Carter,* 329 Pa.Super. 490, 497, 478 A.2d 1286, 1288 (1984); *Commonwealth v. Nelson,* 320 Pa.Super. 488, 492, 467 A.2d 638, 640 (1983). Then we determine whether that evidence, together with all reasonable inferences to be drawn therefrom, was sufficient in law to permit the jury to find beyond a reasonable doubt that a crime was committed and that appellant committed it. See: *In the Interest of J.L., supra.* See generally: *Commonwealth v. Moore,* 261 Pa.Super. 92, 395 A.2d 1328 (1978). The crime with which appellant was charged required a specific intent. Proof of a person's state of mind may be found from his words or conduct or from the surrounding circumstances. Intent may be shown by circumstantial evidence. *Commonwealth v. Russell,* 313 Pa. Super. 534, 543, 460 A.2d 316, 321 (1983). A fact finder may find that a person intends the natural and probable consequences of his actions. *Commonwealth v. Thomas,* 465 Pa. 442, 447, 350 A.2d 847, 849 (1976).

■ In the instant case, however, the only evidence of physical menace was that Fry put his arms around the child

and picked her up. He did not strike or attempt to subdue her by physical means. He did not threaten to inflict bodily injury upon her. There was no evidence that serious bodily injury was imminent or that appellant intended to put the child in fear thereof. Cf. *Commonwealth v. Alexander,* 477 Pa. 190, 383 A.2d 887 (1978) (blow to nose not serious bodily injury); *In the Interest of J.L., supra* (pushing two year old child away with elbow insufficient to show intent to cause bodily injury); *Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128 (1979) (physically wrestling wallet from victim insufficient to show intent to put victim in fear of serious bodily injury).

The evidence did show that appellant told the child to "shut up" and that he was taking her with him. The child speculated that perhaps appellant intended to take her toward the steps leading to the locker room. Certainly one can infer from this that a young child would be alarmed and frightened by appellant's conduct. However, that is not the conduct which was made criminal by 18 Pa.C.S. § 2701(a)(3). The statute required a specific intent on the part of appellant to put the child in fear of imminent serious bodily injury. This the Commonwealth failed to prove. There was no evidence from which it could be inferred that appellant, by his conduct, intended to put the child in fear of imminent, serious bodily injury. The intent with which appellant acted has not been shown by the evidence, and it would be inappropriate for us to indulge in speculation with respect thereto. The Commonwealth charged him with a crime requiring a specific intent, i.e., with an intent to put the child in fear of imminent serious bodily injury; but its evidence failed to establish that appellant had acted with such an intent.[2] The crime, therefore, was not proved; and

---

**2.** Compare: *Commonwealth v. Marshall,* 249 Pa.Super. 333, 378 A.2d 322 (1977). There, the defendant, while wearing a nylon stocking over his head, had grabbed a fourteen year old girl from behind and had dragged her yelling and struggling into an alley and toward a parked car. He released the child and removed his mask when police approached. This court, without discussion, found the evidence sufficient to sustain a conviction for assault. The opinion does not

the conviction cannot stand. The judgment of sentence is reversed, and appellant is discharged.

MONTGOMERY, J., dissents.

disclose under which subsection of 18 Pa.C.S. § 2701 the defendant had been charged and convicted.