J-S08009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN CARLOS PADILLA | : | |
| | : | |
| Appellant | : | No. 1463 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 28, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004011-2019

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: DECEMBER 15, 2021**

Appellant, Adrian Carlos Padilla, appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County on September 28, 2020, imposing a split sentence of three (3) to six (6) months' incarceration and an aggregate eighteen (18) months of probation for his convictions of one count each of simple assault, harassment, and disorderly conduct[1] following a jury trial.[2]  We affirm.

The trial court summarized the pertinent facts here in as follows:

> On August 2, 2019, [Appellant] was arguing with his girlfriend at the intersection of Court Street and Madison Avenue

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 2701(a)(3), 2709(a)(1), and 5503(a)(1), respectively.
[2] The jury returned a verdict of guilty on the simple assault charge, and the trial court found Appellant guilty of the harassment and disorderly conduct charges.

in Reading, Berks County, PA. When [Appellant] slapped his girlfriend across the face, a male teenage bystander who was crossing the street with his grandmother, verbally confronted [Appellant]. [Appellant] responded by telling him not to get involved and not to 'make me pull this out' while reaching into his pocket or waistband. [Appellant] then repeated his threat to 'pull this cannon out' at which point the teenager backed away into a nearby church.

Trial Court Opinion, 11/6/20, at 2.

Appellant was sentenced on September 28, 2020, and he filed a post-sentence motion on October 6, 2020. The trial court denied the post-sentence motion on October 8, 2020, and this timely appeal followed.[3]

In his brief, Appellant presents the following three questions for this Court's review:

Whether the evidence was sufficient to support a guilty verdict for simple assault by physical menace?

Were the verdicts contrary to the weight of the evidence.

Whether the refusal to have witnesses unmask their faces during their testimony, over the expressed objection of the defense was reversible error, as it was a clear violation of the Confrontation Clause of the United States Constitution and Article §9 of the Pennsylvania Constitution?

---

[3] Appellant's counsel filed a notice of appeal on November 2, 2020. The notice of appeal states that the appeal is "from the Judgment of Sentence entered on this matter on September 28, 2020, and the subsequent denial of the Post-Sentence Motion on October 8, 2020."

While counsel for Appellant purports to appeal from both the September 28, 2020, judgment of sentence and the October 8, 2020, Order denying the post-sentence motion, the appeal properly lies from the judgment of sentence imposed on September 28, 2020. **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*) (correcting caption when appellant misstates where appeal lies), *appeal denied*, 800 A.2d 932 (Pa. 2002).

J-S08009-21

Brief for Appellant at 13 (unnumbered).

The Pennsylvania Supreme Court recently set forth the relevant standards of review of challenges to the sufficiency and to the weight of the evidence as follows:

> [W]e find it necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); **Commonwealth v. Vogel**, 501 Pa. 314, 461 A.2d 604 (1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id.**
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. **Commonwealth v. Santana**, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Chambers**, 528 Pa. 558, 599 A.2d 630 (1991).
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Whiteman**, 336 Pa.Super. 120, 485 A.2d 459 (1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. **Tibbs**, 457 U.S. at 38 n. 11, 102 S.Ct. 2211. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Brown**, 538 Pa. 410, 648 A.2d 1177 (1994). A new trial should not be granted because of a mere

- 3 -

conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Thompson, supra**. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id**.

**Commonwealth v. Widmer**, 560 Pa. 308, 318–20, 744 A.2d 745, 751–52 (2000) (footnote omitted).

A simple assault occurs where the defendant "attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S.A. § 2701(a)(3). Serious bodily injury is injury which "creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. The act of pointing a gun at someone is sufficient to sustain a conviction of simple assault by physical menace. **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa.Super. 2003).

In this case, Appellant did not point a gun at the victim Kai Jackson, the teenaged bystander who intervened, or at Stephanie Ann Brown, his grandmother. Rather, he reached for his waist and threatened to "pull this cannon out." When Appellant uttered these words in conjunction with his action, Mr. Jackson believed he was reaching for a gun.

Appellant posits this scenario is similar to that presented in **Commonwealth v. Fry**, 491 A.2d 843, 844 (Pa.Super. 1985). There, an

eighteen-year-old boy approached a ten-year-old girl from behind, picked her up, and began to carry her. When the girl screamed, the defendant said, "shut up, you're coming with me." *Id.* The incident occurred on the campus of a school, and the girl surmised that the defendant was carrying her toward a locker room. *Id.* The defendant put the girl down when two youngsters serving as safety patrol approached. *Id.* This Court held that the evidence was insufficient to sustain a conviction for simple assault under § 2701(a)(3).

In doing so, this Court found that the only evidence of physical menace was that Fry had put his arms around the child and picked her up. Significantly, Fry did not strike or attempt to subdue her by physical means, nor did he threaten to inflict bodily injury upon her. Also, there was no evidence that serious bodily injury was imminent or that Frye intended to put the child in fear thereof. *Id*.

This Court acknowledged the evidence did show that Frye had told the girl to "shut up" and that he was taking her with him. The child speculated that Frye intended to take her toward the steps leading to the locker room, which was likely alarming and frightening to a young child. However, that is not the conduct which was made criminal by 18 Pa.C.S.A. § 2701(a)(3), for the statute required a specific intent on the part of Frye to put the child in fear of imminent serious bodily injury, and the Commonwealth failed to prove such intent. *Id.* at 845 (citations omitted; emphasis added).

In the matter *sub judice,* Appellant stresses that he was found in possession of pepper spray but not a gun, and that the "cannon" reference could have been to the pepper spray. However, Appellant's argument ignores the standard of review under which we must draw inferences in favor of the Commonwealth. The evidence before us, read in a light most favorable to the Commonwealth, clearly supports an inference that Appellant threatened the Mr. Jackson with imminent serious bodily injury. As the trial court wrote:

> Contrary to the assertions of [Appellant], more than just words were involved. It was not merely a verbal threat. There was testimony that [Appellant] placed his hand in his pants physically implying that he had a gun while making a verbal statement about not having to pull 'this' out and referencing "this" as a "cannon." The actions coupled with the statements were intended to intimidate the victim into stopping his intervention on behalf of [Appellant's] girlfriend whom he had just slapped in the face. The threat was effective as the victim did in fact disengage and proceed to a church with his grandmother.

Trial Court Opinion, 11/6/20, at 3.

Appellant argues that because the evidence was insufficient in *Fry* it is insufficient here. Appellant's Brief at 30. Finding a significant distinction between *Fry* and the instant case, we disagree. The *Fry* Court noted the defendant never threatened bodily harm, whereas Appellant expressly threatened to pull a gun on Mr. Jackson while reaching for his waistband, thus intentionally putting Mr. Jackson in fear of imminent serious bodily injury. Appellant's challenge to the sufficiency of the evidence fails.

Appellant next challenges the weight of the evidence to sustain his convictions. Before we consider the merits of this issue, we first must

determine whether Appellant has preserved it four our review. In this regard,

we are guided by the Pennsylvania Supreme Court's analysis:

> In all events, it bears noting that the purpose of Rule 1925 is to facilitate appellate review and to provide the parties and the public with the legal basis for a judicial decision. **See Commonwealth v. Parrish, \_\_\_ Pa**. \_\_\_, \_\_\_, 224 A.3d 682, 692 (2020) (quoting **Commonwealth v. DeJesus**, 581 Pa. 632, 638, 868 A.2d 379, 382 (2005)). If that basis is evident from the record, the trial court need not issue an opinion explaining it. *See* Pa.R.A.P. 1925(a) (requiring an opinion only where "the reasons for the order [appealed from] do not already appear of record"). The function of the concise statement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review – so as to facilitate the writing of the opinion. *See* Pa.R.A.P. 1925(b) ("If the judge entering the order giving rise to the notice of appeal ... desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record ... a concise **statement** of the errors complained of on appeal[.]").
>
> In **Commonwealth v. Laboy**, 594 Pa. 411, 936 A.2d 1058 (2007) (*per curiam*), this Court faced a situation comparable to the present controversy. The defendant's Rule 1925(b) statement was exceedingly brief in setting forth an evidentiary-sufficiency claim. Nevertheless, the common pleas court issued a Rule 1925(a) opinion resolving the claim on its merits. The Superior Court found the claim waived due to its brevity and did not address its merits. This Court held that the Superior Court should have afforded the requested sufficiency review, as the trial transcript was short, it was fairly evident from context that the sole legal issue was whether the defendant was vicariously liable for his co-defendant's actions, and "the common pleas court readily apprehended Appellant's claim and addressed it in substantial detail." *Id*. at 415, 936 A.2d at 1060.[17]
>
> Here, the trial transcript is admittedly much longer than in **Laboy**. Nevertheless, the weight-of-the-evidence claim was readily understandable from context. Appellant's theory, for which he provided his own supporting testimony, was that he was innocent of all charges in relation to the three adult victims because he did not physically attack or steal from any of them, and his intercourse with all of them was consensual. Further, and as noted, in his post-sentence motion Appellant articulated the evidentiary-weight claim at some length as to the three adult

- 7 -

victims, and those were the same individuals he mentioned in his Rule 1925(b) statement. The common pleas court summarized the victims' credited testimony contradicting Appellant's theory and determined that the verdicts were not contrary to the weight of the evidence. Thus, as in **Laboy**, the trial court had no difficulty apprehending the claim as set forth in the concise statement and addressing its substance.

This latter circumstance is particularly salient because, as explained, the concise statement's purpose is to assist the trial judge in apprehending the issues and authoring an opinion accordingly for the benefit of the parties, the appellate court, and the public. If a concise statement's explanation of a particular issue is overly long, moreover, the appellant runs the risk of invoking the waiver rule on that basis. *See* Pa.R.A.P 1925(b)(4)(iv) (prohibiting "lengthy explanations as to any error"); 1925(b)(4)(vii) (providing, among other things, that failure to raise issues in accordance with paragraph (b)(4) results in waiver); 1925(b)(4)(ii) (mandating issues be stated concisely); **cf. Eiser v. Brown & Williamson Tobacco Corp.,** 595 Pa. 366, 384 n.19, 938 A.2d 417, 428 n.19 (2007) (plurality) (observing that Rule 1925 as revised "now explains that frivolous or redundant issues continue to provide grounds for waiver, and clarifies that a lengthy explanation of the claimed error(s) should not be provided in the statement").

In light of these principles, we find that the brevity of Appellant's weight-of-the-evidence claim as set forth in his concise statement represents a good-faith attempt to comply with Rule 1925's concision requirement, and that it did not prevent meaningful appellate review. That being the case, the intermediate court should have considered the claim on its merits. *Accord* **Commonwealth v. Smyser**, 195 A.3d 912, 916 (Pa. Super. 2018) (applying **Laboy** to reach an issue set forth in a "boilerplate" concise statement where the trial court readily apprehended the issue).

**Commonwealth v. Rogers**, 250 A.3d 1209, 1224-25 (2021) (footnote omitted).

Unlike the situation presented in **Rogers**, herein Appellant stated merely that "the verdicts were against the weight of the evidence" in both his post-sentence motion and concise statement. Clearly, the lack of detail in

Appellant's allegation created a situation wherein the issue was not readily discernable to the trial court from the context. This is reflected in the fact that the trial court does not address in its Rule 1925(a) Opinion the specific averments pertaining to the weapon or alleged inconsistencies between the witnesses' statements to police and their trial testimony that Appellant raises in his appellate brief. As such, we find Appellant has waived this claim.

Finally, Appellant posits the trial court denied him his right to a face-to-face confrontation under the Confrontation Clause of the United States Constitution and Article I, § 9 of the Pennsylvania Constitution[4] when it permitted Mr. Jackson and Ms. Brown to testify wearing COVID masks.[5]

To preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such an objection results in waiver of the underlying issue on appeal. ***Commonwealth v. May***, 584 Pa. 640, 887 A.2d 750 (2005), *cert. denied*, 549 U.S. 832, 127 S.Ct. 58, 166 L.Ed.2d 54 (2006) (reiterating absence of specific and contemporaneous objection to error waives issue on appeal);

---

[4] The federal confrontation clause guarantees an accused the right "to be confronted with the witnesses against him." U.S. CONST. AMEND. VI. Article I, Section 9 of the Pennsylvania Constitution uses identical language.

[5] The global COVID-19 pandemic resulted from the spread of a virus known as SARS-CoV-2, commonly known as coronavirus, which causes the disease known as COVID-19. We use the term "COVID mask" to refer to the cloth masks commonly worn over the mouth and nose to help prevent the spread of the coronavirus.

*Commonwealth v. Arroyo*, 555 Pa. 125, 723 A.2d 162 (1999) (explaining if ground upon which objection is based is specifically stated, all other reasons for its exclusion are waived).

Additionally, it is well-settled that this Court "will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." *Fillmore v. Hill*, 665 A.2d 514, 516 (Pa.Super. 1995)). "The principle [sic] rationale underlying the waiver rule is that when an error is pointed out to the trial court, the court then has an opportunity to correct the error ... By specifically objecting to any obvious error, the trial court can quickly and easily correct the problem and prevent the need for a new trial." *Id.* (citations omitted). *see also Commonwealth v. Montalvo,* 434 Pa.Super. 14, 641 A.2d 1176, 1184 (Pa.Super. 1994) (citation omitted) (to preserve an issue for review, a party must make a timely and specific objection at trial, for this Court will not consider claim on appeal not called to trial court's attention at a time purported error could have been corrected).

Importantly, "the law is clear that issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa.Super. 2017), *appeal denied*, 646 Pa. 735, 187 A.3d 210 (2018); Pa.R.A.P. 302(a).

Here, during trial counsel objected to Stephanie Ann Brown being masked by stating that **she** would "**prefer**" that Ms. Brown "be unmasked during testimony." N.T. Trial, 8/6/20, at 37 (emphasis added). In addition, counsel objected "to not being able to see [Kai Jackson's] face." *Id*. at 43-44. The examination of these witnesses proceeded without further discussion of COVID masks.

When the Commonwealth rested, the jury returned to the jury room. *Id*. at 63. The trial court asked defense counsel if she had any motions, at which time she moved for a directed verdict, but expressed no argument that Appellant's federal and/or state constitutional right to confront his witnesses had been violated due to their wearing COVID masks while they testified. *Id*. at 64. The trial court proceeded to colloquy Appellant to ensure he understood his right to testify in his own defense. *Id*. at 64-67. Defense counsel next indicated her intention to rest when the jury returned to the courtroom, and the defense did rest at that time. *Id*. at 67.

Counsel waited until the jury was in a lunch recess to ask for a mistrial. In doing so counsel for the first time indicated Appellant's "due process rights" "6th Amendment right" had been violated and, following additional questioning from the trial court, opined that as the bottom half of one's face was its "most expressive part," the witnesses were "not visible to the jury." *Id*. at 69-71.

The aforesaid objections during trial pertained to defense counsel's own preference to see the witnesses' faces. At no time did counsel frame her

objection in terms of a violation of Appellant's constitutional right to confront his witnesses until after the defense had rested. As such, Appellant waived his claim that the trial court denied him his rights under the Confrontation Clause for failure to make a timely and specific objection during trial.[6]

_____

[6] Even if Appellant's objections could be deemed to have preserved this issue for appellate review, we would hold that the trial court's allowing the witnesses to testify while wearing a facemask in furtherance of an important public policy regarding the potential spread of COVID-19 did not infringe upon Appellant's rights under the Confrontation Clause of either the United States or the Pennsylvania constitution to meet his witnesses face-to face.

While recognizing the accused's right to confrontation under those provisions, the Pennsylvania Supreme Court has carved out exceptions in certain circumstances, recognizing that the right is not absolute. *See Commonwealth v. McCloud*, 457 Pa. 310, 322 A.2d 653 (1974). For instance, the United States Supreme Court cited statues in Pennsylvania, among other states, as evidence of the widespread belief in the importance of protecting child abuse victims. *See Maryland v. Craig*, 110 S.Ct. 3157, 67–68 n. 2, 111 L.Ed.2d 666, 683 n. 2 (1990). Therein, the Supreme Court found that the use of the one-way closed-circuit procedure, where necessary to further an important state interest of ensuring the physical and psychological well-being of child abuse victims, did not impinge upon the purposes of the Confrontation Clause and was sufficient to outweigh, in some cases, the defendant's right to face-to-face confrontation. *Maryland v. Craig, supra,* at 110 S.Ct. at 3166–67, 111 L.Ed.2d at 682.

In the midst of a global pandemic, Ms. Brown and Mr. Jackson testified in person before Appellant in the courtroom. As the learned trial court succinctly observed:

> Allowing the witness to wear a facemask was necessary to further an important public policy regarding the potential spread of the novel Corona virus [sic] 19. This is an individualized finding of necessity in unprecedented time to assure for the comfort and safety of both witness, jurors and others present in the courtroom. If the witness had been required to unmask, the discomfort from the feeling of being at risk for exposure, could have affected the demeanor of the witness. The reliability of the testimony from the witness was otherwise assured.

*(Footnote Continued Next Page)*

In light of the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

_____

> The jury was amply able to observe the demeanor of the witness. The witness was physically present in front of [Appellant] during testimony made under oath. The witness was subject to cross-examination. The jury was present when the witness indicated he would prefer to remain masked, as all persons in the courtroom were required to be masked pursuant to CDC guidelines. The jury was able to sufficiently view the witness's demeanor, being located within close proximity to the witness while still remaining socially distant from the witness and each other. They could view the witness's outward appearance or behavior including tone of voice, cadence, posture, gestures and other body language. The jury could see any hesitation or readiness to answer questions as well as observe nervousness, frustration or hostility. The jury was also able to view the witness's eyes. The witness's mouth and nose were the only features that may not have been visible to the jury. Finally, the jury was instructed to indicate to the court if there was difficulty hearing any testimony.
>
> The principles of the right to confrontation- testimony given under oath, facing the penalty of perjury, subject to cross-examination, and with the jury's observation of the witness's demeanor- were amply preserved. The right to confrontation under the federal and state constitutions was not infringed, and a new trial is not warranted.

Trial Court Opinion, filed 11/6/20, at 7-8 (footnote omitted).

Judge Kunselman joins.

Judge Stabile files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/2021</u>