J-S24044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE EDWARD NEELY | : | |
| | : | |
| Appellant | : | No. 8 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 1, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001113-2021

BEFORE:    BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: SEPTEMBER 26, 2023**

Appellant Tyrone Edward Neely appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after a jury found him guilty on numerous offenses, listed *infra*, including Simple Assault by Physical Menace, 18 Pa.C.S.A. § 2701(a)(3), for his conduct occurring after a minor vehicle collision.  Sentenced to six to fourteen years' incarceration, Appellant challenges the sufficiency of the evidence offered to prove the charge of simple assault under Section 2701.  After careful review, we affirm.

The trial court opinion sets forth the pertinent procedural history, as follows:

> On or about January 15, 2021, Appellant was charged with: (1) Possession of Firearm Prohibited[1]; (2) Firearms Not to be Carried

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

Without a License[2]; (3) Disarming Law Enforcement Officer-Without Lawful Authorization[3]; (4) Fleeing or Attempting to Elude Officer[4]; (5) Make Repairs/Sell/Etc. Offensive Weapon[5]; (6) DUI: Controlled Substance-Combination Alcohol/Drug-2nd Offense[6]; (7) DUI: Controlled Substance-Schedule I-2nd[7]; (8) DUI: Highest Rate-2nd Offense[8]; (9) DUI: Controlled Substance-Impaired Ability-2nd Offense[9]; (10) Simple Assault[10]; (11) Resisting Arrest/Other Law Enforcement Officer[11]; (12) Escape[12]; (13) DUI: General Impairment-2nd Offense[13]; (14) Marijuana-Small Amount[14]; (15) Drive Wrong Way[15]; (16) Driving While BAC .02 or Greater while License Suspended [16]; (17) Accident Damage to Unattended Vehicle or Property[17]; and (18) Duties at Stop Sign[18]. A Jury trial was held before [the trial court] on August 17 and 18, 2022. Prior to the start of the trial, the Commonwealth withdrew Counts 6, 9, 12, and 13.

At the conclusion of the trial, Defendant [hereinafter "Appellant"] was found guilty on Counts 2, 4, 5, 7, 8, and 10, and not guilty on Counts 3 and 11. Count 1 (possession of a firearm prohibited) was bifurcated; However, the jury answered 'yes' to the interrogatory of whether Appellant was in physical possession or control of a firearm. Immediately after the verdict was recorded, the trial on the bifurcated charge began. At the conclusion of the bifurcated trial, the jury found Appellant guilty on Count 1. Sentencing was deferred for the completion of an evidence-based

---

[2] 18 Pa.C.S.A. § 6106(a)(1).
[3] 18 Pa.C.S.A. § 5104.1(a)(1).
[4] 75 Pa.C.S.A. § 3733(a).
[5] 18 Pa.C.S.A. § 908(a).
[6] 75 Pa.C.S.A. § 3802(d)(3).
[7] 75 Pa.C.S.A. § 3802(d)(1)(i).
[8] 75 Pa.C.S.A § 3802(c).
[9] 75 Pa.C.S.A. § 3802(d)(2).
[10] 18 Pa.C.S.A. § 2701(a)(3).
[11] 18 Pa.C.S.A. § 5104.
[12] 18 Pa.C.S.A. § 5121(a).
[13] 75 Pa.C.S.A. § 3802(a)(1).
[14] 35 P.S. § 780-113(a)(31)(i).
[15] 75 Pa.C.S.A. § 3308(b).
[16] 75 Pa.C.S.A. § 1543(b)(1.1)(i).
[17] 75 Pa.C.S.A. § 3745(a).
[18] 75 Pa.C.S.A. § 3323(b).

pre-sentence investigation ("PSI"). On December 1, 2022, Appellant was sentenced to an aggregate term of six (6) to fourteen (14) years in a state correctional institution.

On December 29, 2022, Appellant filed a timely Notice of Appeal. [The trial court] directed Appellant to file a Concise Statement of Matters Complained of on Appeal on January 12, 2023. . . . Defendant filed his Statement on February 22, 2023.

Trial Court Opinion, 3/8/23, at 1-3 (footnotes omitted).

On Appeal, Appellant has raised in both his Concise Statement and appellate brief the following issue:

> Did the Commonwealth fail to prove by sufficient evidence that Mr. Neely committed simple assault by physical menace when the victim in the case did not describe any fear of serious bodily injury and at most the potential harm the victim feared was bodily injury?

Brief for Appellant, at 5 (footnotes omitted).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Bragg*, 133 A.3d 328, 330-31 (Pa. Super. 2016) (citation omitted). Because a sufficiency of the evidence challenge raises a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa. Super. 2019).

The incident in question occurred on January 15, 2021, at approximately 4:15 p.m. N.T., 2/10/23, at 32. According to the victim, Mr. Magous, he had parked his white Mercedes on Third Street in Harrisburg and entered a hardware store to buy tools[19] only to realize he had left his wallet in the car. N.T. at 32-33, 34. He returned to the car and was retrieving his wallet when another car hit his at a moderate speed. N.T. at 33, 43.

The driver, Appellant, stopped and approached Mr. Magous in a "very easy" manner and began to negotiate a cash deal to avoid involving insurance. N.T. at 33-34. Mr. Magous declined Appellant's offer of $100, claiming it was insufficient to cover necessary repairs to his damaged bumper, and he suggested, instead, that they exchange insurance information and report the incident. N.T. at 34. When Appellant refused, Mr. Magous called 911.

According to Mr. Magous, Appellant began "screaming at me and yelling and getting so close to my face[20] because he was – he got pissed because I called the police for this incident. . . . He got so close to my face. He did not

---

[19] Mr. Magous testified he was doing remodeling work on his house that day. N.T. at 42.

[20] Mr. Magous later indicated that Appellant's face was about two inches away from his own, at which time he could smell alcohol on Appellant. N.T. at 35.

touch me; he did not hit me or anything." N.T. at 34-35. When asked whether Appellant made any threats toward him, Mr. Magous replied, "Yeah. He was swearing and yelling. That's all that he did." N.T. at 35. "[T]o be honest", he continued, "I was scared. I didn't want to get into any situation like this. So, after I called 911 and the guy left, and [sic] I had to run away until the police came in. . . . [b]ecause I was very scared. " N.T. at 36, 38. Mr. Magous confirmed he is 5' 3" tall and that Appellant is "definitely taller than me." N.T. at 41.

Yet, Mr. Magous also testified that he remained at the scene, albeit a block away, and could see Appellant was "circling" the area the whole time and was standing across the street when the responding officer arrived ten minutes later. N.T. at 39, 40, 46, 106. Mr. Magous met the officer and pointed out Appellant. N.T. at 46. During the encounter, Mr. Magous never saw a weapon on Appellant's person. N.T. at 41.

On cross-examination, defense counsel asked Mr. Magous, "And then you testified he was angry, but he didn't hit you, he didn't threaten you, right?", to which Mr. Magous replied, "He was getting so close to my face yelling and swearing but that's all. He did not hit me; he did not charge me at all." N.T. at 44-45. On re-direct, Mr. Magous stated, "I mean, I was thinking he was going to hit me or something, so I was trying to hold up, so cover my face and he did not do it. He did not touch me." N.T. at 51.

Herein, Appellant asserts that the Commonwealth failed to present sufficient evidence that he committed simple assault by physical menace

pursuant to Section 2701(a)(3) of the Crimes Code. To prove simple assault by physical menace, the Commonwealth must provide sufficient evidence that the accused "intentionally plac[ed] another in fear of imminent serious bodily injury through the use of menacing or frightening activity." ***Commonwealth v. Reynolds***, 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted); ***see*** 18 Pa.C.S. § 2701(a)(3) ("[A] person is guilty of [simple] assault if he … attempts by physical menace to put another in fear of imminent serious bodily injury[.]"). "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the circumstances." ***Reynolds***, 835 A.2d at 726 (citation omitted). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Applying this definition of serious bodily injury to the case *sub judice*, the trial court opines in its Pa.R.A.P. 1925(a) opinion that "the facts and circumstances adduced at trial are not sufficient to support the conviction for simple assault as charged." Trial Court Opinion, 3/8/23, at 6. The court continues, "Mr. Magous testified that Appellant was close to his face and yelling but did not make any verbal threats nor touch or hit him in any way. He further testified that he was scared[, which] caused him to wait across the street for police." ***Id***. at 7. According to the trial court, the Commonwealth proved, at best, that Appellant intended to place Mr. Magous in fear of bodily injury, but not serious bodily injury. ***Id***. We respectfully disagree.

The evidence presented at trial described Appellant as transforming instantly from an easy mannered negotiator trying to cajole Mr. Magous into accepting his insufficient *ad hoc* cash offer to a wildly irate and physically threatening presence who exploited his size advantage by leaning down into the 5'3" victim, putting his face right up against Magous', and screaming invectives that overwhelmed Magous.[21]  The jury clearly drew the inference from Appellant's sudden shift to aggression that he intended to physically menace Mr. Magous with explosive and unpredictable behavior and thereby create in him a fear of serious bodily injury as retribution for having called 9-1-1.  Indeed, Mr. Magous confirmed that Appellant's abrupt switch to extreme hostility caused him significant fright and immediate concern for his safety, prompting him to gather himself to run across the street to escape the threat of imminent violence.

Appellant posits that this scenario is like that presented in **Commonwealth v. Fry**, 491 A.2d 843, 844 (Pa. Super. 1985).  There, an eighteen-year-old boy approached a ten-year-old girl from behind, picked her up, and began to carry her.  When the girl screamed, the defendant said, "shut up, you're coming with me."  **Id**.  The incident occurred on the campus of a school, and the girl surmised that the defendant was carrying her toward a

---

[21] Contrary to the trial court's opinion, Mr. Magous did not testify that Appellant refrained from making verbal threats.  In fact, when asked on direct if Appellant threatened him, Mr. Magous responded, "Yeah, he was swearing and yelling."  Similarly, his failure to respond to the part of defense counsel's compound question asking whether Appellant threatened him was not tantamount to an admission that no threats were made.

locker room. *Id*. The defendant put the girl down when two youngsters serving as safety patrol approached. *Id*. This Court held that the evidence was insufficient to sustain a conviction for simple assault under § 2701(a)(3).

In doing so, this Court found that the only evidence of physical menace was that Fry had put his arms around the child and picked her up. Significantly, Fry did not strike or attempt to subdue her by physical means, nor did he threaten to inflict bodily injury upon her. Also, there was no evidence that serious bodily injury was imminent or that Fry intended to put the child in fear thereof. *Id*.

This Court acknowledged the evidence did show that Fry had told the girl to "shut up" and that he was taking her with him. The child speculated that Fry intended to take her toward the steps leading to the locker room, which was likely alarming and frightening to a young child. However, that is not the conduct which was made criminal by 18 Pa.C.S.A. § 2701(a)(3), for the statute required a specific intent on the part of Fry to put the child in fear of imminent serious bodily injury, and the Commonwealth failed to prove such intent. *Id.* at 845 (citations omitted; emphasis added).

We find *Fry* distinguishable, as there was no evidence therein of either Fry's intent to cause fear in the girl or imminent serious bodily injury. In contrast, the evidence in the case *sub judice*, viewed in a light most favorable to the Commonwealth as the verdict winner, allowed for the jury's reasonable inference that Appellant attempted to cause Mr. Magous fear of serious bodily injury through physical menace. The evidence of a significant difference in

size between Appellant and the victim coupled with the overwhelming intensity with which Appellant physically bore down on Mr. Magous was sufficient to support this determination. Accordingly, we reject Appellant's challenge to the sufficiency of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/26/2023